BRONSON METHODIST HOSPITAL v MICHIGAN ASSIGNED
CLAIMS FACILITY

BRONSON METHODIST HOSPITAL v PROGRESSIVE MICHIGAN
INSURANCE COMPANY

Docket Nos. 300035 and 300066. Submitted December 7, 2011, at Grand
    Rapids. Decided August 30, 2012. Approved for publication Octo-
    ber 23, 2012, at 9:10 a.m. Leave to appeal denied, 493 Mich 939.

Bronson Methodist Hospital filed an action in the Kalamazoo Circuit
    Court against Progressive Michigan Insurance Company (Docket No.
    300066) and a subsequent action in that court against the Michigan
    Assigned Claims Facility (MACF) (Docket No. 300035), seeking to
    recover no-fault benefits for the cost of medical treatment it provided
    to Danielle Pillars for injuries she had received in a car accident.
    Progressive issued a no-fault insurance policy to Nicholas E. Owsiany,
    insuring a vehicle owned by Pillars, his fiancée, and naming Pillars as
    an excluded driver. Plaintiff treated Pillars for the injuries she
    received in an accident while driving the insured vehicle. Progressive
    denied no-fault benefits for Pillars under the named-driver exclusion
    of the policy and MCL 500.3113(b). After plaintiff filed the action
    against Progressive, Progressive filed a third-party complaint against
    Owsiany, Pillars, the MACF, and Michigan Mutual Insurance Com-
    pany. While the original action against Progressive was pending,
    plaintiff filed the action against the MACF. In Docket No. 300066, the
    court, Pamela L. Litghtvoet, J., granted summary disposition in favor
    of the MACF on the third-party complaint. The court also granted
    summary disposition in favor of Progressive, finding that it had
    properly excluded coverage for Pillars. In Docket No. 300035, the
    court granted summary disposition in favor of the MACF, finding that
    Pillars was not covered by the policy because she was named as an
    excluded driver under the terms of the policy. Plaintiff appealed, and
    the Court of Appeals consolidated the cases.

    The Court of Appeals *held*:

    1. Under MCL 500.3101(1) of the no-fault act, the owner or
registrant of a motor vehicle that is required to be registered in
Michigan must maintain security for the payment of personal pro-
tection insurance (PIP) benefits, property protection insurance ben-
efits, and residual liability insurance benefits. But under MCL

500.3113(b), a person is not entitled to be paid PIP benefits for accidental bodily injury if at the time of the accident the person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by MCL 500.3101 or MCL 500.3103 was not in effect. MCL 500.3009(2) provides that an insured may exclude automobile liability or motor vehicle coverage when a vehicle is operated by a named person. The trial court properly granted summary disposition in favor of Progressive in Docket No. 300066. The insured vehicle was uninsured at the time of the accident under the plain language of MCL 500.3009(2) and the terms of the insurance policy because Pillars, the driver of the car, was a named, excluded driver in the policy. For this reason there was no personal liability or property damage security required by MCL 500.3101 in effect at the time of the accident and Pillars, under MCL 500.3113(b), was not entitled to PIP benefits because at the time of the accident she was the owner or registrant of the motor vehicle involved in the accident and the security required by MCL 500.3101 was not in effect because of the policy's named-driver exclusion.

2. Plaintiff failed to provide either argument or authority for its claim that the court should order the MACF to assign plaintiff's claim to another no-fault carrier if Pillars was determined to be ineligible for PIP benefits under Progressive's policy because of the named-driver exclusion and statutory provisions. Accordingly, the trial court properly granted summary disposition to the MACF because plaintiff abandoned the issue.

3. Plaintiff's argument regarding the language used in the named-driver exclusion was not properly before the Court of Appeals because the issue was raised for the first time on appeal and its inclusion in a reply brief exceeded the scope permitted by MCR 7.212(G).

Affirmed.

*Miller Johnson* (by *Richard E. Hillary, II*) for Bronson Methodist Hospital.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Joseph T. Froehlich*, Assistant Attorney General, for the Michigan Assigned Claims Facility.

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk* and *Nicholas S. Ayoub*), for Progressive Michigan Insurance Company.

Before: MARKEY, P.J., and FITZGERALD and BORRELLO, JJ.

PER CURIAM. This case involves two consolidated no-fault insurance cases. In Docket No. 300035, plaintiff, Bronson Methodist Hospital, appeals as of right the order granting the motion of defendant, Michigan Assigned Claims Facility (MACF), for summary disposition pursuant to MCR 2.116(C)(10) and denying plaintiff's motion for summary disposition. In Docket No. 300066, plaintiff appeals as of right the order denying plaintiff's motion for summary disposition and granting summary disposition pursuant to MCR 2.116(I)(2) in favor of defendant, Progressive Michigan Insurance Company. We affirm.

The underlying facts are undisputed. Progressive issued a no-fault insurance policy to Nicholas Evan Owsiany, insuring a vehicle owned by Owsiany's fiancée, Danielle Pillars. The policy names Pillars as an excluded driver. Plaintiff treated Pillars for injuries she received in an accident while she was driving the insured vehicle. Plaintiff concedes that Progressive complied with MCL 500.3009(2) and "properly excluded Ms. Pillars from coverage for liability, uninsured/underinsured motorist coverage, and motor vehicle damage coverage."

Progressive denied no-fault benefits for Pillars under the policy's named-driver exclusion[1] and MCL 500.3113(b), which provides:

---

[1] Progressive's insurance policy contains a "Named Driver Exclusion Endorsement" that specifically excludes personal liability, property damage, and uninsured/underinsured motorist coverage for named drivers. The endorsement also provides: "Additionally, if the owner or registrant of a **covered auto** is injured in an accident where an **auto** is being driven by a

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . :

* * *

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by [MCL 500.3101] or [MCL 500.3103] was not in effect.

MCL 500.3101(1) provides, in part, "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance."

Plaintiff billed Progressive, as the insurer of the vehicle involved in the accident, for the cost of treating Pillars. Progressive denied personal protection insurance (PIP)[2] coverage on the ground that the security required by MCL 500.3101 was not in effect at the time of the accident because Pillars was an excluded driver who also owned the vehicle involved in the accident.

Plaintiff initially brought its action for no-fault benefits against Progressive. Progressive filed a third-party complaint against Owsiany, Pillars, and the MACF. The trial court subsequently granted summary disposition in favor of MACF with regard to the third-party com-

named excluded driver, no Personal Protection Insurance (PIP) is provided under Part II for that owner or registrant." The endorsement further provides that "[i]f a covered **auto** is operated by the excluded driver, the **auto** will be considered uninsured under the no-fault law." The declarations page of the policy states: "**WARNING** - When a named excluded person operates a vehicle, all liability coverage is void — no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally responsible." See MCL 500.3009(2).

[2] See *Roberts v Farmers Ins Exch*, 275 Mich App 58, 66-67 n 4; 737 NW2d 332 (2007).

plaint. While motions for summary disposition were still pending in the original action, plaintiff filed a new action for no-fault benefits against the MACF. Plaintiff asserted that the MACF was liable or, in the alternative, should be ordered to assign plaintiff's no-fault claim to another no-fault insurer if Progressive's named-driver exclusion were upheld. The trial court granted summary disposition in favor of both the MACF and Progressive, finding that Progressive had properly excluded coverage for Pillars.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 36; 748 NW2d 574 (2008). We also review de novo the construction of unambiguous contract language, as well as the interpretation and application of statutes. *Id.*; *Citizens Ins Co v Secura Ins*, 279 Mich App 69, 72; 755 NW2d 563 (2008). The trial court properly grants a motion for summary disposition under MCR 2.116(C)(10) when there are no disputed material facts and the moving party is entitled to judgment as a matter of law. *Ulrich v Farm Bureau Ins*, 288 Mich App 310, 316; 792 NW2d 408 (2010).

Plaintiff argues that MCL 500.3105(1) obligates Progressive, as the no-fault carrier for the accident vehicle, to provide no-fault benefits and that to the extent Progressive's policy conflicts with this statutory provision, "it is contrary to public policy and, therefore, invalid." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 601; 648 NW2d 591 (2002). Additionally, plaintiff relies on *Iqbal* in support of its argument that the insurance obtained by Owsiany on the vehicle provided the security required by MCL 500.3101 and that the exclusion for PIP benefits in MCL 500.3113(b) therefore does not apply. We disagree.

In *Iqbal*, the plaintiff was injured while driving a car that the plaintiff's brother had insured through AAA. The plaintiff resided with his sister and was therefore covered "under the umbrella of a household no-fault insurance policy issued by Bristol." *Iqbal*, 278 Mich App at 32. Bristol argued that the plaintiff was an "owner" of the accident vehicle as defined in MCL 500.3101(2)(g)(*i*) because he had the use of the car for more than 30 days; consequently, the plaintiff was personally required to maintain insurance on the vehicle under the no-fault act even though the plaintiff's brother had already insured the vehicle. *Iqbal*, 278 Mich App at 32-33. Bristol contended that because the plaintiff had failed to personally insure the vehicle as required by MCL 500.3101(1), the plaintiff was not entitled to collect PIP benefits pursuant to MCL 500.3113(b). The *Iqbal* Court disagreed. "Because the language in MCL 500.3113(b) precluding recovery of PIP benefits links the security or insurance requirement to the vehicle only and not the person, the trial court correctly ruled that plaintiff was entitled to PIP benefits because the vehicle was in fact insured, regardless of whether plaintiff was the 'owner' of the vehicle." *Id.* at 33.

Plaintiff's reliance on *Iqbal* is unavailing because that case is both factually and legally distinct.[3] The *Iqbal* case did not involve a situation in which a named excluded driver was operating the accident vehicle. Rather, the question presented in *Iqbal* was whether a person who could also be considered an "owner" under MCL 500.3101(2)(g)(*i*)[4]—because of "having the use" of the vehicle "for a period that is greater than 30 days"— must also insure the vehicle. The *Iqbal* Court held that

---

[3] The only similarity between *Iqbal* and the present case is that someone other than the injured driver of the accident vehicle obtained the insurance on the vehicle.

[4] 2008 PA 241 redesignated this provision as MCL 500.3101(2)(h)(*i*).

the answer to this question was no. The Court held that the language of MCL 500.3113(b) "links the required security or insurance solely to the vehicle." *Iqbal*, 278 Mich App at 39. Further distinguishing *Iqbal* from the present case is the fact that in *Iqbal* there was no dispute that the insurance obtained by the plaintiff's brother provided the security required by MCL 500.3101 and that this security was "in effect" at the time of the accident as required by MCL 500.3113(b). *Id.* at 40.

In the present case, the policy that Owsiany obtained from Progressive excluded a named driver as permitted by MCL 500.3009(2), and this driver was also the injured, registered owner-driver. We must enforce as written both the plain and unambiguous language of the statute, *id.* at 36-37, and the clear and unambiguous terms of the insurance policy not in conflict with the statute, *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 418; 668 NW2d 199 (2003). Applying the plain language of both the insurance policy's named-driver exclusion and the statute, at the time of the accident "all liability coverage [was] void—no one [was] insured," see MCL 500.3009(2), because the excluded driver was operating the vehicle. Stated otherwise, Pillars's act of driving the insured vehicle at the time of the accident rendered the vehicle uninsured; there was no personal liability or property damage "security" required by MCL 500.3101 in effect at the time of the accident. Pursuant to MCL 500.3113(b), Pillars is not entitled to PIP benefits because "at the time of the accident" she was "the owner or registrant of [the] motor vehicle . . . involved in the accident" and "the security required [MCL 500.3101] . . . was not in effect." Consequently, the trial court correctly granted Progressive summary disposition in Docket No. 300066.

Plaintiff presents no argument or citation to authority in support of its contention that, if the named-driver exclusion and statutory provisions operate to render Pillars ineligible for PIP benefits under Progressive's policy, the Court should order the MACF to assign plaintiff's claim to another no-fault carrier. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Because plaintiff has not provided either argument or authority on this issue, we deem the issue abandoned. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). Consequently, the trial court correctly granted summary disposition in favor of the MACF.

Finally, plaintiff's argument regarding the language used in the named-driver exclusion is raised for the first time on appeal in its reply brief. This argument is not properly before the Court. Reply briefs must be limited to "rebuttal of the arguments in the appellee's or cross-appellee's brief . . . ." MCR 7.212(G); see also *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007). "[R]aising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Blazer Foods, Inc v Restaurant Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003).

We affirm. As the prevailing parties, the defendant-appellee in each case may tax costs pursuant to MCR 7.219(A).

MARKEY, P.J., and FITZGERALD and BORRELLO, JJ., concurred.