# STATE OF MICHIGAN

# COURT OF APPEALS

ALLEN WAYNE OUMEDIAN and SARAH
OUMEDIAN,

UNPUBLISHED
January 20, 2015

Plaintiffs-Appellants,

v

No. 318587
Livingston Circuit Court
LC No. 11-025741-CZ

BAMA BAR, INC. d/b/a STOUT IRISH BAR,

Defendant-Appellee,

and

NICHOLAS R. STELLHORN, GARY SABIN,
and HR ELITE SERVICES, LLC,

Defendants.

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order granting summary disposition in favor of defendant, Bama Bar, Inc., pursuant to MCR 2.116(C)(10).[1] We affirm.

Plaintiff, Allen Oumedian, was allegedly injured when he was forcibly removed from defendant's bar/restaurant by doormen, Nicholas R. Stellhorn and Gary Sabin, who were provided by HR Elite Services, LLC.[2] Plaintiffs sued, alleging that the presence of Stellhorn and Sabin constituted a dangerous condition on defendant's premises entitling plaintiff to a warning. Plaintiffs also asserted a "respondeat superior" claim, as well as a "negligent hiring/training and supervision" claim against defendant.

---

[1] We refer to Bama Bar, Inc. as "defendant" in this opinion.

[2] Plaintiffs' claims against HR Elite, Stellhorn, and Sabin were dismissed with prejudice by stipulation of the parties.

Subsequently, defendant moved for summary disposition of plaintiffs' claims, arguing that HR Elite, Stellhorn, and Sabin were independent contractors and not employees; thus, defendant could neither be vicariously liable for their actions nor liable for any negligent training or supervision in their regard. Further, defendant argued, the duty it owed to its invitees consisted of responding reasonably to situations and no danger was evident in this case until after plaintiff was removed from the premises and then punched out defendant's front window.

Plaintiffs responded to defendant's motion, arguing that defendant was vicariously liable for the acts of HR Elite, Stellhorn, and Sabin because defendant exercised a degree of control over them and they were acting as defendant's agents when they ejected plaintiff, Allen Oumedian. Further, plaintiff Allen Oumedian was not injured by some unknown third party, but by Stellhorn and Sabin, who were performing services for plaintiff in a bar/restaurant that should have been safe for such invitees.

The trial court agreed with defendant, holding that defendant was not liable for the actions of HR Elite, Stellhorn, and Sabin, who were independent contractors, and the presence of Stellhorn and Sabin did not constitute "a dangerous condition" for purposes of premises liability. Accordingly, defendant's motion for summary disposition was granted.

On appeal, plaintiffs argue that the trial court erred in dismissing their "negligent training and supervision" claim. We disagree.

A trial court's determination of a motion for summary disposition is reviewed de novo. *Rose v Nat'l Auction Group, Inc,* 466 Mich 453, 461; 646 NW2d 455 (2002). When reviewing a motion brought under MCR 2.116(C)(10), this Court considers the affidavits, depositions, pleadings, admissions, and other documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id.* Summary disposition is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.*

Plaintiffs' initial argument focuses on their disagreement with the trial court's reliance on *Reeves v Kmart Corp*, 229 Mich App 466; 582 NW2d 841 (1998), in support of its holding that defendant was not liable for negligent hiring, training or supervision because Stellhorn and Sabin were independent contractors. Plaintiffs argue that the facts in this case are distinguishable from those of *Reeves* because (1) Stellhorn and Sabin were working on defendant's premises, (2) plaintiffs were invitees, (3) plaintiff Allen Oumedian's injuries occurred on defendant's premises, and (4) Stellhorn and Sabin were engaged in the principal business of defendant when the injuries occurred. However, the trial court did not base its holding on analogous circumstances between *Reeves* and this case. Rather, the trial court noted that plaintiffs were claiming that defendant had "a duty to hire competent security guards, adequately train them and adequately supervise them," but "Michigan has not recognized a duty requiring an employer to exercise care in the selection and retention of independent contractors." See generally *id*. at 471-476. Plaintiffs provide no legal authority to dispute this holding.

Plaintiffs argue, however, that defendant retained control over HR Elite, Stellhorn and Sabin as evidenced by the deposition testimony of defendant's general manager, David Norman, who testified that defendant's policy was not to touch difficult customers. Plaintiffs argue that

-2-

this testimony gave rise to a genuine issue of material fact as to whether defendant retained control over the manner in which the work was performed. We disagree.

Plaintiffs are correct that a party may be liable for the negligence of an independent contractor if that party retains and exercises control over the contractor.[3] However, in determining whether defendant was liable because of the imposition of an independent duty arising regardless of the legal status of its relationship with the doormen, the extent of retained and exercised control must be considered.[4] And, here, the evidence relied on by plaintiffs was insufficient to establish that defendant retained and exercised the requisite control to make it vicariously liable for any negligence of HR Elite, Stellhorn and Sabin. See *Hoffman v JDM Assoc, Inc*, 213 Mich App 466, 473; 540 NW2d 689 (1995). While Norman advised HR Elite that it preferred to respond to agitated customers with friendly conversations or police intervention, such guidance is not evidence of the requisite "retained control." Thus, this claim is without merit.

Plaintiffs also argue that forcibly removing customers from a bar/restaurant is "inherently dangerous;" thus, defendant can be liable for negligence in that regard as set forth in *Reeves*, 229 Mich App at 471. Plaintiffs have cited no legal support for the claim that forcibly ejecting customers from a bar/restaurant is "inherently dangerous" work and we will not search for such authority. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

Next, plaintiffs argue that the trial court erred in dismissing their vicarious liability claim brought under a respondeat superior theory because defendant retained control of Stellhorn and Sabin and, thus, could be liable under principles of master and servant. We disagree.

As this Court explained in *Candelaria*:

The concept of "retained control" is pertinent to two distinct theories of liability: (1) the vicarious liability of an employer pursuant to the doctrine of respondeat superior, and (2) the direct liability of an owner or general contractor pursuant to the doctrine of retained control. In the former case, evidence of an employer's retained control is relevant to the issue whether there was in fact a contractee-contractor relationship. An independent contractor is defined as "'one who, carrying on an independent business, contracts to do work without being subject to the right of control by the employer as to the method of work but only as to the result to be accomplished.'" If the employer of a person or business ostensibly labeled an "independent contractor" retains control over the method of the work,

---

[3] See *Reeves*, 229 Mich App at 471, citing *Funk v General Motors Corp*, 392 Mich 91, 108-110; 220 NW2d 641 (1974), overruled in part on another ground by *Hardy v Monsanto Enviro-Chem Systems, Inc*, 414 Mich 29; 323 NW2d 270 (1982).

[4] See *Funk*, 392 Mich at 108; *Candelaria v B C Gen Contractors, Inc*, 236 Mich App 67, 73; 600 NW2d 348 (1999).

there is in fact no contractee-contractor relationship, and the employer may be vicariously liable under the principles of master and servant. [*Candelaria*, 236 Mich App at 72-73 (citations omitted).]

Plaintiffs appear to argue that defendant retained the right to control the manner in which the doormen dealt with customers; therefore, Stellhorn and Sabin were not independent contractors but defendant's employees. However, plaintiffs failed to present any evidence in support of their claim that defendant retained control over the "method of work." See *id*. Rather, the evidence of record indicates that HR Elite was retained to provide doormen services, HR Elite provided the services of Stellhorn and Sabin, and defendant did not control the method by which they accomplished that task. Accordingly, the trial court properly dismissed this claim.

Finally, plaintiffs argue that genuine issues of material fact precluded the dismissal of their premises liability claim. We disagree.

An "invitee" is invited onto the land of another under an implied assurance or understanding that reasonable care has been used to prepare the premises to make it safe for the invitee. *James v Alberts*, 464 Mich 12, 19; 626 NW2d 158 (2001) (citation omitted). The landowner has a duty to warn an invitee of any known dangers and to make the premises safe, including by inspecting the premises and making any necessary repairs or warning of any discovered hazards. *Id*. at 19-20 (citation omitted).

Plaintiffs argue that there was a history of fights at this bar/restaurant yet "Stellhorn and Sabin were set loose at the bar without training or supervision of any type." Plaintiffs argue that defendant had a duty "to take reasonable measures to protect its invitees from the risk of harm which this activity posed." But, as the trial court held, defendant could not have anticipated that an altercation would occur between plaintiff Allen Oumedian and the doormen. "A premises owner's duty is limited to responding reasonably to situations occurring on the premises because, as a matter of public policy, we should not expect invitors to assume that others will disobey the law." *MacDonald v PKT, Inc*, 464 Mich 322, 335; 628 NW2d 33 (2001). And, contrary to plaintiffs' claim, there was no evidence that the presence of either Stellhorn or Sabin on defendant's premises created a danger to invitees that required warning and correction. Accordingly, the trial court properly dismissed plaintiff's premises liability claim.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh

-4-