# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Jones, Minors.

UNPUBLISHED
June 13, 2017

No. 335232
Ontonagon Circuit Court
Family Division
LC No. 13-000013-NA

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Previously, in February 2015, the trial court terminated the parental rights of respondent-mother to he two daughters. In a prior appeal, this Court rejected respondent's claims that (1) her attorney provided ineffective assistance throughout the child protection proceedings, and (2) petitioner failed to provide sufficient reunification services. *In re Jones*, unpublished opinion per curiam of the Court of Appeals, issued October 27, 2015 (Docket No. 326252), slip op at 3-8. This Court further held that respondent was precluded from challenging the trial court's exercise of jurisdiction over the children on the basis of respondent's admissions. *Id.* at 3. However, this Court held that the trial court erred by failing to consider explicitly in its best-interest determination the option of continuing placement of the children with respondent's aunt and uncle. *Id.* at 6. Accordingly, this Court remanded the case for redetermination of the children's best interests. *Id.* at 8. Respondent appealed this Court's decision to our Supreme Court, which vacated this Court's decision, and also vacated the trial court's orders "adjudicating jurisdiction over the children" and "terminating the respondent's parental rights to the children." *In re Jones*, 499 Mich 862; 874 NW2d 129 (2016). The Supreme Court remanded the case "to the circuit court for a new adjudication determination." *Id.*

On remand, an adjudication trial was held and a jury found that a statutory basis for jurisdiction over the children existed pursuant to MCL 712A.2(b). The trial court then conducted a dispositional hearing on petitioner's request to terminate respondent's parental rights. Following the hearing, the trial court issued an order terminating respondent's parental rights to the children pursuant to MCL 712A.19b(3)(b)(*i*), (c)(*i*), (g), and (j). Respondent again appeals as of right, and we affirm.

Respondent argues on appeal that the trial court erred in exercising jurisdiction over the children because, during the 2016 adjudication trial on remand from the Supreme Court, petitioner presented evidence relating solely to respondent's conduct and the children's circumstances preceding the September 2014 order removing the children from respondent's

-1-

care. Respondent contends that because no new allegations were made concerning her fitness as a parent since September 2014, and no evidence was presented concerning her circumstances in 2016, petitioner failed to show that she was an unfit parent at the time of the adjudication trial. She further argues that the trial court erred by denying her motion to reinstate supervised visitation with the children after the case was remanded by the Supreme Court, which thereby prevented her from providing the jury with an opportunity to "hear about the assessment of any current parent/child bonds to be able to justify its decision in granting the Court jurisdiction" and instead required the jury to rely on "a stale impression based on [respondent's] actions in the past." Respondent also argues that the trial court improperly terminated her parental rights without providing her with an opportunity to participate in additional reunification services.

Although the general issue of jurisdiction over the children was raised and decided below, respondent did not argue below that it was improper for petitioner to rely solely on her past conduct, without evidence of her current circumstances, to establish jurisdiction. Therefore, that argument is unpreserved. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Likewise, respondent failed to preserve her argument that petitioner was required to provide additional reunification efforts following the Supreme Court's remand order.

This Court reviews a jury's verdict regarding jurisdiction over the children to determine if a preponderance of the evidence satisfied the statutory requirements of MCL 712A.2(b). *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004); *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998). "Generally, whether child protective proceedings complied with a respondent's substantive and procedural due process rights is a question of law that this Court reviews de novo." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Unpreserved claims of error, however, are reviewed for plain error affecting respondent's substantial rights. *Id.*

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "Generally, a court determines whether it can take jurisdiction over the child in the first place during the adjudicative phase." *Id.* Jurisdiction is established pursuant to MCL 712A.2(b). *Id.* As relevant to the instant case, MCL 712A.2(b) provides that a trial court has jurisdiction over a child less than 18 years of age under the following circumstances:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship . . . . [or]

> * * *

> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

The rules of evidence apply at an adjudication trial. MCR 3.972(C)(1); *In re Sanders*, 495 Mich at 405; *In re AMAC*, 269 Mich App at 536; 711 NW2d 426 (2006).

Respondent does not contend that the evidence of her conduct related to the filing of the 2014 removal petition was inadmissible. Instead, she argues that petitioner should not have been permitted to rely on this evidence as the only measure of her parental fitness. She contends that, considering the length of time the children had been out of her care, the evidence of her past conduct was no longer relevant to determining her current fitness as a parent, and therefore, petitioner should have been required to present evidence bearing on her fitness at the time of the adjudication trial.

Respondent's argument appears to be predicated on her belief that there is an unstated limitation in the Supreme Court's remand order in the case. And yet, nothing in the remand order required the trial court to ignore the allegations or underlying evidence that led to the initial filing of the petition and to which respondent offered pleas of admission, albeit through improper procedure. Moreover, petitioner's reliance on evidence related to and predating the September 2014 petition to remove the children is consistent with *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004), in which this Court held that the statute governing jurisdiction, MCL 712A.2, "speaks in the present tense, and, therefore, the trial court must examine the child's situation at the time the petition was filed." Under *In re MU*, petitioner appropriately relied on respondent's circumstances at the time the children were removed to evaluate respondent's fitness as a parent for purposes of adjudication. Because evidence of respondent's circumstances in 2016 would not be probative of the children's situation at the time the removal petition was filed in September 2014, that there may have been little or no evidence of respondent's current circumstances does not undermine the jury's verdict. A preponderance of the evidence supports a finding that, despite extensive efforts from petitioner, respondent either refused to participate in services, or did not benefit from them. Moreover, respondent had the opportunity to offer her own evidence that she had materially changed her behavior during the pendency of her prior appeal, but she failed to do so.[1]

In sum, it was not improper for petitioner to rely on evidence of respondent's circumstances at the time of the September 2014 removal petition for purposes of adjudication, and the jury's decision that statutory grounds for jurisdiction existed is supported by a preponderance of the evidence.

We also reject respondent's argument that petitioner was required to provide her with additional reunification services after the case was remanded by the Supreme Court. Respondent contends that services were required because the case did not involve any aggravating circumstances relieving petitioner of that responsibility. We disagree.

---

[1] In fact, evidence offered during the subsequent dispositional hearing showed that respondent did not have a job and that her residence was filthy, with holes in the wall, marijuana plants growing inside, and minimal food available.

In general, petitioner must make reasonable efforts to reunify a child with his or her family unless aggravating circumstances are present. MCL 712A.19a(2); *In re Plump*, 294 Mich App 270, 272; 817 NW2d 119 (2011). Failure to provide such services may prevent the trial court from having sufficient evidence to terminate parental rights. *In re Mason*, 486 Mich 142, 166; 782 NW2d 747 (2010). Yet, even in the absence of statutory aggravating circumstances, petitioner need not provide services to every family in every situation, "but the statute requires the agency to justify the decision." *In re Plump*, 294 Mich App at 272. See also MCL 712A.18f(1)(b). In particular, "[p]etitioner . . . is not required to provide reunification services when termination of parental rights is the agency's goal." *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009), citing *In re Terry*, 240 Mich App 14, 25 n 4; 610 NW2d 563 (2000). See also *In re LE*, 278 Mich App 1, 21; 747 NW2d 883 (2008) ("[s]ervices need not be provided where reunification is not intended").

In an amended petition filed on remand, petitioner requested that the trial court exercise jurisdiction over the children and terminate respondent's parental rights. The trial court authorized the petition. Because termination was the goal, petitioner was not required to offer respondent additional reunification services, as long as it could justify its decision. *In re LE*, 278 Mich App at 21.

The case history justified petitioner's decision to forgo additional reunification services. Throughout the case, respondent had been offered extensive services, and either failed to participate in them or failed to benefit from them. Moreover, after the September 2014 incident that led to the children's removal, respondent was offered the opportunity to continue with counseling services, which she had previously attended only sporadically, but she declined that opportunity and she had not completed any services since August 14, 2014. It is clear from the earlier proceedings that prior attempts to rehabilitate respondent were unsuccessful, and equally clear that there was no basis for believing that any additional services would be productive or successful. In sum, additional services were not required, both due to petitioner's goal of termination and the fact that petitioner had already made reasonable efforts toward reunification in this case, but respondent failed in her duty to participate in, or benefit from, the services provided.

Respondent next argues that she should have been granted parenting time with the children after the case was remanded by the Supreme Court, both because she was entitled to show that she no longer posed a threat to the children's safety and because a therapist's recommendation that the children would likely be harmed if visitation was reinstated was based on "stale" information.

In general, unless parenting time would be harmful to the child, the parent shall have parenting time no less than once every seven days. MCL 712A.18f(3)(e). MCR 3.977(D) provides, however, that "[i]f a petition to terminate parental rights to a child is filed, the court may suspend parenting time for a parent who is a subject of the petition." Likewise, MCL 712A.19b(4) provides that "[i]f a petition to terminate parental rights to a child is filed, the court may suspend parenting time for a parent who is a subject of the petition." This Court has held that "[t]he suspension of parenting time once a petition to terminate parental rights is filed requires no finding of harm and is presumptively in the child's best interest" because of the

drastic measures a parent facing termination might be tempted to undertake, among other reasons. *In re Laster*, 303 Mich App 485, 489; 845 NW2d 540 (2013).

In the instant case, because petitioner had requested termination of respondent's parental rights, the trial court was not required to make a finding of harm. The trial court did, however, rely on letters submitted by the children's foster parents and their therapist to decide that resumption of parenting time before the adjudication hearing could traumatize the children, and again ordered that visitation be suspended. The trial court also based its decision on respondent's admission that, if parenting time were to resume, there would be a little "regression." The court's finding that the children would be traumatized if visitation was reinstated is supported by the evidence presented and thus is not clearly erroneous. Also, while respondent argues that the therapist's and the foster parents' correspondence was based on stale information because respondent had not seen the children for some time, these documents were based on the witnesses' recent observations of the children, not the circumstances that existed in 2014. Thus, the information was not stale.

In addition, while respondent argues that the suspension of parenting time prevented the jury from considering any recent parent/child bonds, she provides no legal support for her position that it was appropriate for the jury to consider this in determining the existence of a statutory basis for jurisdiction pursuant to MCL 712A.2(b). As explained previously, it was appropriate for petitioner to rely on the circumstances that existed at the time the children were removed in September 2014 to evaluate respondent's fitness as a parent for purposes of adjudication. *In re MU*, 264 Mich App at 279. Thus, respondent has not established that the trial court erred by denying her motion to reinstate parenting time after the case was remanded by the Supreme Court.

Finally, in a reply brief, respondent raises additional arguments regarding whether the trial court erred by unduly relying on her past conduct to find that the statutory grounds for termination were established by clear and convincing evidence. She also raises claims of ineffective assistance of counsel. These issues are not properly before this Court. As explained in *Bronson Methodist Hosp v MI Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012):

> Reply briefs must be limited to "rebuttal of the arguments in the appellee's or cross-appellee's brief . . . ." MCR 7.212(G); see also *Kinder Morgan Michigan v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007). "[R]aising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Blazer Foods, Inc v Restaurant Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003).

Accordingly, we decline to consider the newly raised issues in respondent's reply brief.

Affirmed.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell