*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VERLADIA BLOUNT, formerly known as
VERLADIA REED,

        Plaintiff-Appellee,

v

GREGORY J. REED,

        Defendant-Appellant.

UNPUBLISHED
August 22, 2019

No. 342769
Wayne Circuit Court
LC No. 00-032452-DM

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court order granting plaintiff attorney fees in this divorce proceeding. This Court reviews for an abuse of discretion a trial court's award of attorney fees and costs. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (cleaned up).

Despite defendant's arguments to the contrary, the trial court did not abuse its discretion when it awarded plaintiff attorney fees. All of the arguments raised on appeal by defendant alleging that the trial court erred in awarding attorney fees lack merit. The trial court had jurisdiction to determine the amount of attorney fees owed, attorney fees were not barred by the statute of limitations or judgment of divorce, the final judgment was valid, the trial court's actions were consistent with case law of this Court, and the award was proper under MCL 552.13 and MCR 3.206(C).

Although difficult to discern, it appears that defendant attempts to raise several new arguments for the first time in his reply brief. "Reply briefs must be limited to rebuttal of the arguments in the appellee's or cross-appellee's brief." *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (cleaned up). "Raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Id*. (cleaned up). Therefore, we decline to address issues raised by defendant in his reply brief.

For these reasons as well as those more fully articulated by the trial court in the proceedings below, we affirm. Having prevailed in full, plaintiff is entitled to tax costs under MCR 7.219(F).

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle