*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIRGINIA YONO, Personal Representative of the
ESTATE OF ZIVORAD JOVANOVIC,

        Plaintiff-Appellant,

v

WALMART, INC.,

        Defendant-Appellee.

UNPUBLISHED
August 4, 2022

No. 357378
Macomb Circuit Court
LC No. 2020-001499-NO

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

Plaintiff, as personal representative of the estate of Zivorad Jovanovic (Jovanovic)[1] appeals by right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On November 14, 2019, Jovanovic and his wife, Petronela Jovanovic (Petronela), were shopping in defendant's grocery store when Jovanovic slipped and fell on what he and Petronela described as a puddle of water on the floor near a meat freezer. Jovanovic testified that he did not see the water on the floor until after he had fallen, but that he then noticed that his pants were wet on one side; Jovanovic never saw any indication of danger before falling, even though he stated that he was looking where he was going. Jovanovic did not know how long the water had been

---

[1] Jovanovic filed suit and participated as a named plaintiff in the proceedings before the trial court, but he passed away at some point before the trial court entered its opinion and order granting defendant summary disposition. On August 3, 2021, this Court granted a motion for substitution of parties and amended the case caption to reflect Yono's authority as personal representative of Jovanovic's estate. See *Jovanovic v Walmart Inc.*, unpublished order of the Court of Appeals, entered August 3, 2021 (Docket No. 357378). Therefore, we will refer to Jovanovic by name in discussing his testimony and actions below, with all other references to "plaintiff" referring to the personal representative of Jovanovic's estate.

present on the floor, how much water was present, or where it came from, although he opined that the water had leaked from the nearby freezer. Petronela similarly testified that she did not see any water before her husband's fall, but she described seeing a basketball-sized puddle after the incident. Petronela also did not know how long the water had been present or where it had originated.

Following the incident, a store employee came to wipe up the floor. Petronela stated that the employee made multiple trips to wipe the area with paper towels. This employee, Sarah Lawton, testified that she was working in the meat department when Jovanovic fell. Lawton did see not Jovanovic fall, but remembered finding him on the ground. According to Lawton, she cleaned up just a single crushed grape and the juice coming from it, though she was not fully certain whether Jovanovic had slipped on this grape or something else. Lawton could not recall how many paper towels she used to clean the area, but she stated that she made only one trip to the paper towel dispenser and only needed to clean a small area of the floor. Lawton also could not recall whether the freezer near Jovanovic's fall was leaking water at the time and was unsure whether she had cleaned up any additional liquid separate from the crushed grape. Lawton also testified to defendant's general maintenance and safety procedures, stating that she and other employees were instructed to conduct "safety sweeps" to make sure the premises was clear of hazards. Petronela testified that neither she nor her husband ever saw any grape on the floor, reiterating that the alleged hazard was some sort of liquid.

Defendant provided video surveillance footage showing two separate angles of the incident, although the video is not clear enough to determine on what Jovanovic slipped. Jovanovic can be seen setting his cart to the side, turning towards the freezer, and subsequently falling to the ground. After Jovanovic's fall, Lawton can be seen wiping the floor; contrary to her testimony, the video shows her retrieving multiple paper towels from the dispenser and crouching to the floor at least five separate times to reapply towels to the area. The footage also depicts a full hour of activity in the area before Jovanovic's fall; the video shows numerous other customers and employees navigating the area without incident and without any indication that they had observed a hazard. Defendant also provided maintenance records for the meat freezer near Jovanovic's fall, which do not indicate any leak or other defect existing in the year before or after the fall.

Jovanovic filed a premises liability action against defendant, alleging that it was responsible for the floor's dangerous condition and was liable for his alleged injuries. Jovanovic specifically asserted that defendant, as the owner and operator of the premises, breached its duties to him as a business invitee, directly and proximately causing him to suffer serious injuries. The complaint alleged that Jovanovic had slipped on water coming from the freezer, that defendant knew or should have known of this hazard, and that the hazard was not visible to Jovanovic before his fall.

Defendant moved for summary disposition under MCR 2.117(C)(10), arguing that Jovanovic's claim was barred because defendant did not have actual or constructive notice of the allegedly hazardous condition and the condition was open and obvious to average users of ordinary intelligence. After dispensing with oral argument, the trial court entered an opinion and order granting defendant's motion for summary disposition. The court concluded that defendant did not have actual or constructive notice of the allegedly hazardous condition, noting that, under *Lowrey*

*v LMPS & LMPJ, Inc*, 500 Mich 1; 890 NW2d 344 (2016), a defendant is not required to present evidence of a reasonable inspection in order to refute an allegation of notice. The trial court held that Jovanovic had failed to present any evidence that the hazard was of such a character or had existed for such time that defendant should have known of it. The trial court did not address the issue of whether the hazard was open and obvious. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. Courts must consider all evidence in a light most favorable to the nonmoving party. *Id*. The motion may only be granted when there is no genuine issue of material fact. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

A moving party satisfies its burden under MCR 2.116(C)(10) by either "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim[] or by demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey*, 500 Mich at 7 (quotation marks and citation omitted). Once this initial burden is met, the nonmovant must "set forth specific facts showing that a genuine issue of material fact exists" and "may not rely on mere allegations or denials in the pleadings." *Id*. (citation omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. (citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition, because the evidence presented created a genuine issue of material fact regarding whether defendant had constructive notice of the allegedly hazardous condition. We disagree.

It is undisputed that plaintiff was an invitee of defendant's business when the fall occurred. To prevail on a premises liability claim, an invitee "must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey*, 500 Mich at 8. Regarding duty, "a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A breach of that duty occurs if the premises owner knows or should have known of a dangerous condition and fails to protect invitees via repair, warning, or other appropriate mitigation of the danger under the given circumstances. *Lowrey*, 500 Mich at 8; see also *Hoffner*, 492 Mich at 460 (stating that a breach of duty occurs when "the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect"). A defendant's actual or constructive notice of the dangerous condition is an essential element in establishing a premises liability claim. *Lowrey*, 500 Mich at 8. A defendant may be found to have constructive notice of the hazard where the hazard "is of

such a character or has existed a sufficient length of time that [the premises owner] should have knowledge of it." *Id*. at 10 (citation omitted).

Plaintiff argues that the trial court erred by misconstruing *Lowrey* and failing to consider evidence that defendant failed to conduct any inspection of the incident area for over an hour, despite employees' repeated opportunities to do so and defendant's policy requiring such inspections. We disagree. Plaintiff herself notes that the surveillance video showed no spills in the area before Jovanovic's fall and that defendant's maintenance records showed no evidence that the freezer was leaking before or after the fall. Lawton also testified that the hazard was just a single crushed grape, although plaintiff points out that Lawton's testimony concerning the extent of the cleaning effort required appears to be contradicted by the surveillance footage showing her wiping the floor multiple times after Jovanovic's fall. According to plaintiff, this is all circumstantial evidence that, when viewed in her favor, creates a question of fact regarding whether "the significant puddle of water that caused Mr. Jovanovic's fall was present for more than an hour," and whether defendant had constructive notice of that hazardous condition. Plaintiff notes that the video does not show any of defendant's employees inspecting the area during the hour before Jovanovic's fall; she further argues that the water had to have come from somewhere, and that a fact-finder could infer from the circumstantial evidence that it was either spilled or deposited sometime before the surveillance video started and thus was present for more than an hour before Jovanovic fell. Plaintiff cites *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001) in support of her argument.

Additionally, plaintiff asserts that the nature of the hazard, evinced by the substantial amount of water present, should have been discovered in one of defendant's required safety sweeps, but that numerous store employees passed within 10 feet of the hazard during the hour before Jovanovic's fall without performing any sort of reasonable inspection. In sum, given the circumstantial evidence supporting that the hazard existed for a substantial time before Jovanovic's fall and that no employees ever reasonably inspected the area, plaintiff argues that a genuine issue of material fact does exist concerning defendant's constructive notice of the hazard.

We disagree with plaintiff's argument. *Clark* is distinguishable from the present case. In *Clark*, 465 Mich at 416, our Supreme Court found a question of fact concerning the defendant's notice of a hazard when the plaintiff slipped on several loose grapes on the floor of a closed grocery checkout lane. *Id*. at 416-417. The Court concluded that there was sufficient circumstantial evidence to create a factual dispute regarding whether the hazard had existed for a sufficient time to satisfy the defendant's constructive notice. *Id*. at 420. The Court specifically reasoned as follows:

> In this case, there was no direct evidence of when or how the grapes came to be on the floor of the check-out lane. There was testimony from [the defendant's] witnesses about the responsibilities of employees for observing and either reporting or remedying dangerous conditions. However, there was no evidence that any employee was actually aware of the grapes in the check-out lane.
>
> However, [one of the defendant's] employee[s] testified that the check-out lane would have been closed no later than 2:30 a.m., about an hour before [the] plaintiff arrived. Given that evidence, a jury could reasonably infer that the loose

grapes were, more likely than not, dropped when a customer brought grapes to the check-out lane to buy them while it was still open. From this, the jury could infer that an employee of defendant should have noticed the grapes at some point before or during the closing of the lane and either cleaned them up, or asked another employee to do so. Further, the fact that the check-out lane had been closed for about an hour before plaintiff fell establishes a sufficient length of time that the jury could infer that defendant should have discovered and rectified the condition.

The availability of the inference that the grapes had been on the floor for at least an hour distinguishes this case from those in which defendants have been held entitled to directed verdicts because of the lack of evidence about when the dangerous condition arose. [*Id*. at 420-421.]

In contrast to the circumstantial evidence allowing for a reasonable inference as to how long the hazard had existed in *Clark*—specifically, that the hazardous check-out lane was closed for at least an hour before the plaintiff's injury—here, plaintiff's assertion that the puddle had existed for a substantial time before Jovanovic's fall is merely speculative. Both Jovanovic and his wife testified to not knowing how long the water had been present, and neither the surveillance footage nor the maintenance records provide any indication of how long the hazard had existed. The area was never closed off for any period of time before Jovanovic's fall; again, the video shows numerous other shoppers navigating the area without issue. Therefore, while this water could have been present for some time or could have leaked from the freezer shortly before Jovanovic's fall, there is simply no evidence for this Court to reasonably infer that the condition "ha[d] existed [for] a sufficient length of time that [defendant] should have know[n] of it." *Lowrey*, 500 Mich at 10 (citation omitted).

Indeed, the circumstances in *Lowrey* are similar to this case in many respects. The Court in *Lowrey* noted that the plaintiff never saw any water on the floor and that no one had reported any water on the floor or other accidents that night. *Id*. Regarding constructive notice, in particular, the Court stated,

[The p]laintiff and her friends traversed the stairs several times during the evening without incident, evidence which would tend to support the conclusion that the hazardous condition that caused [the] plaintiff's fall had not been present on the steps for the entirety of the evening. Nor did [the] plaintiff present any evidence as to when the condition arose. [*Id*. at 12.]

These are precisely the circumstances present here, with both Jovanovic and his wife uncertain of when the hazard arose and the surveillance footage showing numerous other patrons traversing the incident area without issue before Jovanovic's fall. The Court in *Lowrey* concluded that the plaintiff's evidence was insufficient to create a question of fact on the issue. *Id*. at 11. Accordingly, we are unpersuaded by plaintiff's effort to distinguish *Lowrey*.

We conclude that the trial court did not err by holding that plaintiff had failed to demonstrate a genuine issue of material fact concerning defendant's actual or constructive notice[2] of the hazard. *Lowrey*, 500 Mich at 7. Because we affirm the trial court's holding concerning lack of notice, we need not address plaintiff's argument that the hazard was not open and obvious.[3]

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Noah P. Hood

---

[2] We note that plaintiff's argument focuses entirely on constructive notice; plaintiff presents no argument suggesting that defendant had actual notice of the hazard.

[3] In her reply brief on appeal, plaintiff raises for the first time an allegation that defendant improperly spoiled evidence when Lawton cleaned up the area after Jovanovic fell. Issues raised for the first time in an appellate reply brief are not properly presented to this Court for appellate review. See *Blazer Foods, Inc v Restaurant Props,* Inc, 259 Mich App 241, 252; 673 NW2d 805 (2003). Further, while plaintiff provides various authority detailing legal rules regarding spoliation of evidence, she gives no substantive argument connecting that legal framework to the facts of this case. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). Accordingly, we decline to consider this argument.