*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RP,

                    Petitioner-Appellee,

v

TV,

                    Respondent-Appellant.

UNPUBLISHED
March 06, 2026
11:23 AM

No. 374216
Wayne Circuit Court
Family Division
LC No. 24-113014-PH

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Respondent appeals by right the order denying her motion to terminate a personal protection order (PPO) previously granted to petitioner. We affirm.

## I. BACKGROUND

This case involves the trial court's continuation of a PPO against respondent at the request of petitioner, who is respondent's aunt. On November 4, 2024, petitioner moved for a PPO against respondent, claiming that respondent assaulted her three separate times. The trial court entered an ex parte PPO the same day prohibiting respondent from stalking petitioner, under MCL 750.411h and 750.411i. As relevant to this case, the trial court also granted petitioner a separate PPO against her sister, VG.

On November 26, 2024, respondent moved to terminate the PPO against her, denying that she had ever attacked petitioner and arguing that "[t]his matter stems from Petitioner wanting to fraudulently deplete her mother's finances." Respondent also claimed that petitioner neglected petitioner's mother and suffered from mental health issues.

At the hearing on respondent's motion, petitioner explained that respondent lived with petitioner's mother. Petitioner held power of attorney for her mother but eventually stopped going to her mother's house because of three alleged attacks by respondent. First, petitioner "went over to see [her] mother . . . and [respondent] took off her shoes and threw them and tried to put dents

-1-

in [petitioner's] car." After the incident, petitioner filed a police report. Second, petitioner claimed that she was at her mother's house on June 20, 2024, when respondent "ran up behind [her] from the back and started hitting [her] in the back of [her] head[.]" Third, petitioner claimed that respondent "ran up to jump [her]" and attempted to hit her, but VG stopped her. Petitioner called the police after the second and third incidents, but respondent was not arrested.

Respondent denied throwing her shoes at petitioner's car, stating that incident happened before she moved in with petitioner's mother. Respondent also stated that she previously visited petitioner's mother once a week and that the June 20, 2024 altercation only involved petitioner and VG. Regarding the third incident, respondent said that petitioner arrived uninvited to a birthday party, but respondent did not interact with her.

The trial court denied respondent's motion to terminate the PPO on the basis that petitioner had power of attorney for her mother and had to have access to her. The trial court prohibited respondent from being at the house of petitioner's mother when petitioner was present. Defendant now appeals.

## II. STANDARDS OF REVIEW

We review a trial court's decision to continue a PPO for an abuse of discretion. *SP v BEK*, 339 Mich App 171, 176; 981 NW2d 500 (2021). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008) (citation omitted). A trial court's findings of fact regarding a PPO are reviewed for clear error. *SP*, 339 Mich App at 176. We find clear error only if we are left with the definite and firm conviction that a mistake has been made. *Id*. Finally, we review issues of statutory interpretation de novo. *Hayford*, 279 Mich App at 325.

## III. DISCUSSION

Respondent argues that the trial court should have terminated the PPO because: (1) petitioner's testimony was uncorroborated and inconsistent; (2) the trial court erroneously relied on petitioner's power of attorney for her mother; and (3) the trial court erroneously failed to consider petitioner's history of unsubstantiated PPO filings. We disagree.

Under MCL 600.2950(1)(j), an individual may petition the trial court to enter a PPO to restrain or enjoin an individual from engaging in conduct that is prohibited under MCL 750.411h. That section prohibits "stalking," defined as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel . . . and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411h(1)(e). A trial court may issue a PPO prohibiting a respondent from entering particular premises, contacting the petitioner, or approaching, following, or appearing within the sight of the petitioner. MCL 600.2950a(3). When a respondent moves to terminate a PPO, the petitioner bears the burden of establishing that continuation is warranted. *Hayford*, 279 Mich App at 326. The trial court must consider the testimony, documents, and other evidence proffered, as well as whether the respondent had previously engaged in the types of acts prohibited in PPOs. MCL 600.2950(4).

## A.  PETITIONER'S CREDIBILITY

Respondent first challenges petitioner's credibility.  At the outset, we acknowledge that credibility determinations are for the trial court, not this Court, to resolve.  We give "regard . . . to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it."  *SP*, 339 Mich App at 176 (quotation marks and citations omitted).  In this case, respondent has not raised any meritorious claims of error regarding the trial court's assessment of petitioner's credibility.

Respondent first asserts that petitioner's descriptions of the three assaults were not credible because petitioner could not remember when the first or third assault happened.  Likewise, respondent contends that the first altercation, in which she allegedly threw shoes at the petitioner, could not have occurred because she was not residing with petitioner's mother at that time. However, she admitted that she visited petitioner's mother's home once a week.  A trial court does not need to determine exactly when the incidents at issue occurred to grant a PPO under MCL 600.2950a.

Respondent further argues that petitioner did not provide police reports or witness statements to corroborate her claims, and respondent points out that she was never criminally charged.  Yet, MCL 600.2950a(1) explicitly allows a trial court to grant a PPO "whether or not the individual to be restrained . . . has been charged or convicted" of stalking.  Moreover, respondent cites no relevant authority to establish that a petitioner must corroborate his or her accusations to continue a PPO, especially in light of the trial court finding petitioner credible despite lack of corroboration.  "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."  *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (quotation marks and citation omitted).

## B.  PETITIONER'S POWER OF ATTORNEY

Next, respondent claims that the trial court erred by relying on petitioner's power of attorney for her mother as a reason to continue the PPO.  However, respondent concedes that a PPO may issue upon a showing of stalking, harassment, or assaultive conduct.  The record clearly supports the conclusion that a PPO was necessary due to respondent's harassment of and assaultive conduct toward petitioner.  Petitioner testified about respondent's pattern of physically attacking her whenever she visited her mother's house.  Clearly, the trial court found this testimony credible. Understandably and relatedly, the trial court's rationale for continuing the PPO also included petitioner's need to visit her mother's house to perform her duties under the power of attorney, which petitioner could not do if she risked being assaulted by respondent during each visit. Accordingly, respondent has not established that the trial court's continuation of the PPO fell outside the range of principled outcomes.  See *Hayford*, 279 Mich App at 325.

## C.  PETITIONER'S PRIOR PPO REQUEST

Respondent also contends that the trial court erred by failing to consider petitioner's purported pattern of filing baseless PPOs.  The sole example respondent relies on is a PPO that the trial court granted against VG, which respondent alleges was later dismissed for lack of credibility.

Respondent, however, produced no evidence in the trial court or on appeal to support that assertion. And even if there was evidence that petitioner's PPO against VG was unsubstantiated, it is the trial court's role, not this Court's, to assess petitioner's overall credibility. See *SP*, 339 Mich App at 176. Just as respondent's first attack on petitioner's credibility lacks merit, her credibility challenge here based on an alleged pattern of unsubstantiated PPO filings also lacks merit.[1]

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock

---

[1] Respondent includes a sparse assertion at the end of her brief that continuing the PPO unduly restricts her ability to care for petitioner's mother. Because plaintiff has not included this issue in her statement of the issues presented on appeal, we deem the issue abandoned. See *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 543; 730 NW2d 481 (2007).