*In re* PLUMP

Docket No. 302995. Submitted October 5, 2011, at Grand Rapids. Decided October 11, 2011, at 9:05 a.m.

The Department of Human Services petitioned in the Berrien Circuit Court, Family Division, to terminate the parental rights of respondent, the mother of SO and EW, on the basis that respondent had provided marijuana to a teenage friend of one of her teenage children and then smoked the marijuana in the presence of the teenagers and SO and EW. Respondent had pleaded guilty to criminal charges concerning the event. Respondent's children had previously been removed from her care because, in addition to her substance abuse, she had failed to protect her two oldest children from physical and sexual abuse by her violent partner. At that time, she received numerous services from petitioner, and the children were eventually returned to her care. After her children were again removed because of the marijuana incident, respondent was again provided with numerous services, including counseling for victims of domestic violence. By the time of the termination proceeding, respondent had stopped participating in that counseling, had repeatedly tested positive for marijuana use, and had been arrested for violating the terms of her probation for the marijuana conviction by associating with the person who had abused her two oldest children. The court, Thomas E. Nelson, J., eventually entered an order terminating respondent's parental rights to the two minors under MCL 712A.19b(3)(c)(*ii*) (failure to rectify conditions), (g) (failure to provide proper care or custody), and (j) (likelihood of harm if child returned to home), holding that respondent's own behaviors were directly harming the children or exposing them to harm and that petitioner had expended reasonable efforts toward reuniting respondent with the children. Respondent appealed, alleging that petitioner failed to provide her with adequate services regarding her being a victim of domestic violence.

The Court of Appeals *held*:

1. When a child is removed from a parent's custody, the agency charged with the care of the child must report to the trial court the efforts made to rectify the conditions that led to the removal of the

child. The trial court, before entering an order of disposition, must state whether reasonable efforts have been made to prevent the child's removal from the home or rectify the conditions that caused the removal of the child. Services are not mandated in all situations, but the agency must justify any decision not to provide services.

2. The termination in this case was properly based on the fact that respondent's own behaviors were directly harming the children or exposing them to harm. The trial court did not err by determining that reasonable efforts had been exerted by petitioner toward reunifying respondent with the children.

Affirmed.

*Gregory H. Feldman* for C. Plump.

Before: MARKEY, P.J., and SERVITTO and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. Respondent appeals as of right the order terminating her parental rights to her two minor children, SO and EW, pursuant to MCL 712A.19b(3)(c)(*ii*), (g), and (j). Respondent contends that petitioner failed to recognize that domestic violence is an issue in this case and therefore failed to provide her with adequate services regarding her being the victim of domestic violence. We disagree and affirm.

The children in this case were removed from respondent's care after respondent provided marijuana to a teenage friend of one of her older children, MG. She then smoked the marijuana in front of the teenagers and SO and EW, who were then ages six and four, respectively. Respondent later pleaded guilty to criminal charges in connection with that event.

Respondent's children had previously been removed from her care because, in addition to her substance abuse, she had failed to protect her two oldest children from physical and sexual abuse by her violent partner.

At the time of that earlier removal, respondent was provided with numerous services and the children thereafter were returned to her care.

After the children were again removed from her care, this time as a result of the marijuana incident, respondent was again provided with numerous services. Those services included counseling for victims of domestic violence. She participated in the services for several months, but she did not, in the end, persist. She stopped participating in the domestic-violence-victims' counseling, repeatedly tested positive for marijuana use, quit one of her jobs, had no heat at her residence and was facing eviction, and was arrested for violating her probation by associating with the person who had physically and sexually abused the two oldest children. At the termination hearing, a foster-care worker testified that domestic violence was one of the concerns both times the children were removed and that both times respondent received numerous services, including counseling for victims of domestic violence, but she had failed to benefit from those services.

When a child is removed from a parent's custody, the agency charged with the care of the child is required to report to the trial court the efforts made to rectify the conditions that led to the removal of the child. See *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005). Before the trial court enters an order of disposition, it is required to state whether reasonable efforts have been made to prevent the child's removal from the home or to rectify the conditions that caused the child to be removed from the home. MCL 712A.18f(4). Services are not mandated in all situations, but the statute requires the agency to justify the decision not to provide services. *In re Terry*, 240 Mich App 14, 25 n 4; 610 NW2d 563 (2000).

The evidence shows that petitioner and respondent were both aware of the numerous barriers to reunification in this case, among them respondent's relationship with an abusive partner. Petitioner provided respondent numerous services each time the children were removed from her care, including counseling for victims of domestic violence, yet respondent failed to benefit from the services and persisted in her relationship with the abuser of her children. To be clear, it would be impermissible for a parent's parental rights to be terminated solely because he or she was a victim of domestic violence. However, this termination was properly based on the fact that respondent's own behaviors were directly harming the children or exposing them to harm. We conclude that the trial court did not err by determining that reasonable efforts had been exerted by the agency toward reuniting respondent with the children.

Affirmed.

MARKEY, P.J., and SERVITTO, J., concurred with RONAYNE KRAUSE, J.