# STATE OF MICHIGAN

# COURT OF APPEALS

In re K.L. DILLEY, Minor.

UNPUBLISHED
May 26, 2015

No. 324010
Cass Circuit Court
Family Division
LC No. 13-000079-NA

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent-father appeals as of right the September 22, 2014, order terminating his parental rights to the minor child KLD under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if child is returned to parent). We affirm.

A trial court must terminate a respondent's parental rights if it finds that (1) a statutory ground under MCL 712A.19b(3) has been established by clear and convincing evidence and (2) a preponderance of the evidence establishes that that termination is in the children's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

On appeal, respondent argues that the trial court erred when it determined that a statutory ground existed to support the termination of his parental rights. However, respondent's argument is solely based on the allegation that petitioner failed to make reasonable reunification efforts. See *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005) ("Although respondent has not expressly challenged the sufficiency of the evidence for termination of his parental rights, his contention that reasonable services were not offered ultimately relates to the issue of sufficiency."). Accordingly, we will only address the issue in this context, and to the extent respondent challenges whether the evidence otherwise supported the trial court's finding that a statutory ground existed to support termination, that issue is abandoned.[1] See *Villadsen v Mason Co Rd Comm'n*, 268 Mich App 287, 303; 706 NW2d 897 (2005) ("A party who fails to brief the merits of an alleged error has abandoned the issue on appeal."). Because respondent's reasonable efforts argument is unpreserved, *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569

---

[1] In any event, we conclude that the trial court did not clearly err in finding that at least one statutory ground was proven by clear and convincing evidence.

(2012), we review for plain error affecting substantial rights, *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

"When a child is removed from a parent's custody, the agency charged with the care of the child is [usually] required to report to the trial court the efforts made to rectify the conditions that led to the removal of the child." *In re Plump*, 294 Mich App 270, 272; 817 NW2d 119 (2011).

Respondent cursorily avers that the "amount of services put in place" was "simply not enough." However, the argument is abandoned because he fails to cite the record or supporting authority and fails to explain and rationalize his argument. *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003). Furthermore, the record establishes that respondent was provided with a multitude of services but that he failed to participate in them. See *In re Frey*, 297 Mich App at 248. Also, respondent claims that reasonable efforts were not made because a relationship of trust was never established between him and the caseworkers. The record establishes, however, that respondent was hostile and "refused to listen to anyone." The second caseworker tried to contact respondent through telephone calls and letters, but respondent did not respond to her efforts and this inhibited her ability to provide him with services. Respondent's failure to rectify the barriers to reunification was the result of his own failures to participate in services and communicate with the caseworkers. See *id.* Accordingly, respondent has failed to establish plain error.

Respondent next argues that the trial court erred in finding that termination of his parental rights was in the best interests of the child. We review the trial court's best interest determination for clear error. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

Respondent claims that the trial court "did not explicitly consider the fact that the minor child was placed with a maternal aunt at the time of the termination." While "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests," *id.* at 43, contrary to respondent's assertion, the trial court did explicitly consider the child's relative placement when it stated, "I know that there is family placement, however, termination and adoption is a much better plan . . . ." Therefore, this argument is without merit.

Respondent also argues that the trial court did not cite "strong enough evidence" to justify termination given respondent's devotion to the child and his potential to raise the minor child in the future. We initially note that a trial court need not "comment on every fact in evidence." *Sinicropi v Mazurek*, 273 Mich App 149, 181; 729 NW2d 256 (2006).

"In deciding whether termination is in a child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). The trial court may also look at evidence that the child is not safe with the parent, is thriving in foster care, and that the foster care home can provide stability and permanency. *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011).

-2-

Here, the minor child was removed from respondent's care because of allegations of substance abuse and domestic violence within the home. She was diagnosed with developmental delays and PTSD, and it was believed that these issues were caused by the trauma she experienced while in respondent's care. When the minor child entered care, she relied on her older sister for nurturing and comfort. She was in counseling for a majority of the proceeding and would continue to require it in the future. Respondent did not consistently visit the minor child, which resulted in his visitations being suspended in December 2013. He did not request parenting time in the seven months before termination. There is simply no evidence to support the assertion that the minor child was bonded to respondent or that respondent was "devoted" to the minor child as he alleges on appeal. Further, the minor child was at risk in respondent's care given his failure to rectify his anger and substance abuse issues.

At the time of termination, the minor child had been in care for 15 months, and she required permanency and stability in order to improve. Respondent was unable to provide this at the time of termination. Contrary to his arguments on appeal, there is no indication that he had the potential to provide it in the future. See *In re Frey*, 297 Mich App at 248-249. The minor child was improving and "very happy" in her placement with her maternal great-aunt, which was where the minor child's older sister also was placed. The minor child was bonded to the great-aunt, who wished to adopt both the minor child and her older sister. As a result, the trial court did not clearly err in finding that termination of respondent's parental rights was in the minor child's best interests.

Affirmed.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause

-3-