# STATE OF MICHIGAN

# COURT OF APPEALS

In re D. PRUITT, Minor.

UNPUBLISHED
October 2, 2018

No. 342267
Kent Circuit Court
Family Division
LC No. 15-053262-NA

Before: MURRAY, C.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Respondent-father appeals the trial court's order terminating his parental rights to his 10-year-old child (DP) under MCL 712A.19b(3)(c)(*i*) (more than 182 days passed since the initial dispositional order and the conditions that led to the adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if child is returned to parent's home). On appeal, respondent claims he was denied reasonable efforts for reunification and that the trial court failed to make the proper inquiries under the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*. and MCR 3.965(B)(2). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2015, petitioner, the Department of Health and Human Services (DHHS), filed a petition for temporary custody against respondent and DP's mother.[1] Grand Rapids Police responded to a domestic violence call at the home of respondent's mother. At the time, respondent and DP lived in the home. On arrival, the officers observed the home to be in "deplorable" condition. One officer reported that "there was animal feces throughout the home, there was a strong odor, and cockroaches fell from the door when they were opened." A Child Protective Services (CPS) worker also observed DP, who "appeared to be brown and dirty, and there were scars covering his legs and arms," which he claimed was from scratching. The CPS worker also learned that DP was not enrolled in school and both parents had felony convictions. At the time, DP's mother was imprisoned for retail fraud.

Petitioner filed a petition for temporary custody, and after a preliminary hearing, the trial court authorized the petition. Thereafter, DP was placed in a foster home. Over nearly two

---

[1] DP's mother voluntarily relinquished her parental rights.

-1-

years, the trial court held numerous dispositional review hearings and permanency planning hearings. Respondent's barriers to reunification were substance abuse, domestic violence, housing, employment, parenting skills, and mental health. Throughout the proceedings, respondent continually failed to attend his substance abuse classes, random drug screening, domestic violence classes, and counseling. While respondent attended almost all of his parenting time, he often showed up intoxicated with a blood alcohol content ranging from .01 to .31. The caseworker referred respondent to Salvation Army, which handled all requests for subsidized housing in Kent County. At no time did respondent have adequate, stable housing. He moved between living with his mother, a friend, and staying at the Grand Rapids Inn. Respondent never obtained verified employment, and he continually missed his counseling appointments. Because the caseworker and the lawyer-guardian ad litem acknowledged a bond between respondent and DP, the trial court gave respondent over two years to comply with his parent-agency agreement. However, on July 13, 2017, the trial court ordered DHHS to initiate termination proceedings due to respondent's lack of progress and DP's need for a resolution. The trial court held a termination hearing on December 27, 2017, but respondent had still not rectified any of the barriers that led to removal, and the trial court concluded there was sufficient evidence to find statutory grounds for termination and that the best-interest factors weighed in favor of termination. The trial court entered a termination order on January 4, 2018.

## II. REASONABLE EFFORTS

Respondent argues DHHS failed to provide reasonable efforts for reunification because his caseworker did not take sufficient actions to aid in his effort to obtain housing. We disagree.

To preserve an issue as to whether reasonable efforts for reunification were made, a respondent must raise the issue when the services are offered. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Where a respondent fails to timely "object or indicate that the services provided to [him or her] were somehow inadequate," the issue is not preserved. *Id.* Respondent failed to object or otherwise indicate that the services provided to him were somehow inadequate, and therefore, the issue is unpreserved. This Court reviews a preserved issue regarding reasonable efforts for clear error, *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005), but unpreserved issues are reviewed for "plain error affecting substantial rights," *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id.* at 9.

"When a child is removed from a parent's custody, the agency charged with the care of the child is [usually] required to report to the trial court the efforts made to rectify the conditions that led to the removal of the child." *In re Plump*, 294 Mich App 270, 272; 817 NW2d 119 (2011). "The adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009) (citation omitted). "[A trial] court is not required to terminate parental rights if the State has not provided to the family of the child . . . such services as the State deems necessary for the safe return of the child to the child's home." *Id.* at 104 (quotation marks and citation removed). "While the [service provider] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App at 248. Moreover, the service provider is only required to offer reasonable services; it has no duty to

provide every possible service. See MCL 712A.18f(1); *In re Terry*, 240 Mich App 14, 27-28; 610 NW2d 563 (2000).

The child was removed from the home in October 2015. Thereafter, respondent received a parent-agency agreement, wherein he was to obtain adequate housing. At every dispositional review hearing and permanency planning hearing, the caseworker discussed respondent's housing situation. He was referred to Salvation Army, the gateway organization to obtaining any subsidized housing in Kent County. Throughout the two years leading up to the termination hearing, respondent moved between living with his mother, a friend, and a motel. As the trial court noted at the termination hearing, at no time during the proceedings did respondent have consistent, appropriate housing. He was referred to Salvation Army and was eventually placed on a waiting list for Section 8 housing. While reasonable efforts must be made, petitioner was not mandated to provide every possible service. Simply because respondent was on a waiting list at the time of the termination hearing does not prove he was denied reasonable efforts; in fact, it tends to demonstrate that respondent actually *was* provided adequate services. The trial court did not err when it concluded reasonable efforts were made and terminated respondent's parental rights.

Even if somehow petitioner failed to provide reasonable efforts to find housing, respondent has not shown plain error affecting his substantial rights. The inability for respondent to obtain housing was only part of a larger problem—his inability to stay sober, obtain employment, or complete any of the other services offered. The trial court actually concluded that respondent failed to overcome every other barrier that lead to removal, including his substance abuse problems, employment, domestic violence, mental health, and parenting skills. Failure to obtain housing was only a small portion of the trial court's decision to terminate respondent's parental rights, and any error did not affect the outcome of the lower court proceedings.

III. NOTICE REQUIREMENTS UNDER ICWA

Respondent also claims the trial court failed to abide by the notice requirements under ICWA and MCR 2.965. We disagree.

To preserve an issue for appellate review, it must be raised before the trial court. *In re Utrera*, 281 Mich App at 8-9. Respondent did not claim below that the trial court failed to follow the notice requirements under ICWA and MCR 2.965. Therefore, this issue is unpreserved. Unpreserved issues are reviewed for plain error. *In re Utrera*, 281 Mich App at 8-9. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citation omitted).

MCR 3.965(B)(2) provides that at the preliminary hearing "[t]he court must inquire if the child or either parent is a member of an Indian tribe." In this case, the preliminary hearing transcript is not part of the record because respondent filed with this Court a motion to file less than the complete transcript, which was granted "unless further directed by the Court." *In re D Pruitt*, unpublished order of the Court of Appeals, entered March 20, 2018 (Docket No. 342267).

In his motion, he indicated that a request was made to produce the preliminary hearing transcript, but it was not available due to the court reporter's retirement. Counsel indicated he believed that the transcript pertained to a juvenile detention matter and would not contain "findings significant to this [C]ourt's review that could not otherwise be provided with the juvenile's case record." Now, however, respondent claims that the trial court failed to comply with the ICWA notice requirement at the preliminary hearing as required under MCR 3.965(B)(2). But respondent has failed to produce the relevant transcript; therefore, we deem the issue waived. See, e.g., *In re EP*, 234 Mich App 582, 597; 595 NW2d 167 (1999), overruled on other grounds by *In re Trejo, Minors*, 462 Mich 341, 353; 612 NW2d 407 n 10 (2000); *People v Anderson*, 209 Mich App 527, 535; 531 NW2d 780 (1995).

Even if this issue was not waived, the only evidence respondent relies on to support his argument that the trial court failed to make the proper inquiry is the order entered after the preliminary hearing. In that order, the box next to Paragraph 14, which addressed Indian status, is not checked. But the trial court would have only checked the box next to Paragraph 14 if "[t]he child(ren) is/are Indian as defined in MCR 3.002(12)." Thus, if the trial court determined the child was not of Indian heritage, the court would leave the box next to Paragraph 14 empty. Accordingly, the fact that the box next to Paragraph 14 was left blank does not prove the trial court failed to make the proper inquiries under ICWA and MCR 3.965(B)(2).

On top of that, the trial court's confidential file reveals respondent informed DHHS that he had *no* Native American heritage. Likewise, respondent's mother denied any Native American heritage. And in the two years that this case was open in the lower court, respondent never raised any issue under ICWA. Even now, respondent does not claim DP is eligible for membership in or actually a member of an Indian tribe. See MCR 3.002(12). Nor does he provide any proof of Indian heritage. Because respondent has waived this issue by failing to produce the pertinent transcript and has not shown plain error affecting his substantial rights, his claim fails.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Anica Letica