# STATE OF MICHIGAN

# COURT OF APPEALS

In re GIBSON/FAGAN, Minors.

UNPUBLISHED
January 3, 2019

No. 343319
Ottawa Circuit Court
Family Division
LC No. 14-076962-NA

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights[1] to AG and WF under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist with no reasonable likelihood that they will be rectified) and MCL 712A.19b(3)(g) (failure to provide proper care or custody for the children). We affirm.

During 2014, the trial court authorized a petition and assumed jurisdiction over AG because of domestic violence[2] in the family home, in which respondent-mother was the perpetrator. AG was removed and placed into care for two years but later returned to respondent-mother's care and custody. Then, during December 2016, the Department of Health and Human Services (DHHS) petitioned for removal of the children because of respondent-mother's neglect, failure to properly supervise the children, and respondent-mother's recent felonious assault and assault and battery against three people for which respondent-mother was incarcerated, making her unable to provide care and custody for the children. The DHHS petitioned to terminate respondent-mother's parental rights on the ground that respondent-mother failed to substantially benefit from services because she continued to display emotional instability, failed to comply with services, acted inappropriately with service providers, lacked parenting skills, failed to address domestic violence issues, and struggled with substance abuse.

---

[1] The fathers for AG and WF are not parties to this appeal.

[2] Pursuant to *In re Plump*, 294 Mich App 270, 273; 817 NW2d 119 (2011), parental rights may not be terminated on the basis of a parent being a victim of domestic violence, but may be based on the parent's own conduct that endangers the child.

After performing six separate interactive tests on respondent-mother and AG, Sabrina Slagter, a family therapist for Bethan Christian Services, concluded that there existed weaknesses in the bond between the two, and that AG did not trust respondent-mother because AG lacked a secure attachment to her. Slagter testified that because AG had been placed in a foster home then subsequently was returned to respondent-mother only to be removed again, that significantly impacted the degree of attachment AG had to respondent-mother. Additionally, Slagter testified that AG had special needs because of her nontypical anger patterns. According to Slagter, AG had post-traumatic stress disorder which resulted in flashbacks and dissociative behavior.

Delanie Norton, the foster-care case manager for both children, testified that between January to December 2017, respondent-mother sporadically attended counselling sessions but failed to progress based on reports from counselors. Counselors opined that respondent-mother failed to address her own trauma and the children's trauma. In addition, Norton testified that personal interactions with respondent-mother gave rise to concerns for her ability to preserve her emotional stability. Respondent-mother became very confrontational and verbally aggressive during her visits. Norton also stated that respondent-mother often failed to take her medication as prescribed. Furthermore, respondent-mother tested positive for THC without a medical marijuana card on three occasions and provided implausible explanations for why she tested positive. This raised concerns as to whether she would continue to permit the use of marijuana in their family home if the children were returned to her.

At the termination hearing on March 23, 2018, respondent-mother appeared in court but then left shortly after the proceedings commenced. Counsel for respondent-mother indicated that respondent-mother left because she had already decided that she was going to appeal the trial court's decision at a later date.

Upon conducting the best-interests portion of the hearing, the trial court found that the children were adoptable, in good health, and had spent the majority of their lives in foster care. These factors weighed in favor of termination of respondent-mother's parental rights. In addition, the children's special needs weighed in favor of termination because reunification with respondent-mother would be problematic given their behavioral issues. Based on witnesses' testimonies, the trial court found that the bond between the children and respondent-mother was damaged. The preponderance of evidence established that the best-interests factors weighed in favor of terminating respondent-mother's parental rights.

Respondent-mother argues that the trial court erred by terminating her parental rights because clear and convincing evidence did not establish statutory grounds for termination since respondent-mother participated in services toward compliance with her treatment plan. We disagree.

To terminate parental rights, the trial court must find at least one of the statutory grounds for termination in MCL 712A.19b(3) by clear and convincing evidence. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review for clear error the trial court's determination of whether at least one of the grounds was established. MCR 3.977(K); *id*. A factual finding is clearly erroneous if this Court has a definite and firm conviction that a mistake was made. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). This Court defers to the

trial court's "special opportunity to judge the credibility of witnesses." *Id*. When a statutory ground for termination is proven, the trial court shall order termination of parental rights if termination of parental rights is in the children's best interests in light of the evidence set forth in the whole record.[3] *In re LE*, 278 Mich App 1, 25; 747 NW2d 883 (2008). If this Court concludes that the trial court did not clearly err by finding one statutory ground for termination, we need not address the additional grounds. *In re HRC*, 286 Mich App at 461.

The trial court found that clear and convincing evidence established grounds for termination under MCL 712A.19b(3)(c)(*i*) and (g), which provide:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[4]

In this case, witnesses' testimonies and documentary evidence in the record established that the conditions that led to the adjudication continued to exist and that no reasonable likelihood existed that the conditions would be rectified within a reasonable time considering the children's ages. The record indicates that respondent-mother's main barriers to reunification concerned her emotional instability and lack of consistency in complying with her treatment plan. Evidence in the record established that, during the pendency of this case, respondent-mother continued to display emotional instability on numerous occasions, and that she failed to fully comply with services. Respondent-mother failed to develop appropriate parenting skills

---

[3] Respondent-mother only challenges the trial court's determination of whether statutory grounds for termination were established.

[4] MCL 712A.19b(3)(g) was amended after the termination order entered in this case. See 2018 PA 58. We apply the language in force of the time that the trial court terminated respondent-mother's parental rights.

and she lacked healthy bonds with the children. She also failed to consistently take her medications, and even when she did, she displayed combative and aggressive behaviors toward her caseworker during parenting-time visits. Evidence established that respondent-mother lacked the ability to control her emotions and aggressive behavior.

The evidence in the record clearly established that respondent-mother faced lifelong problems that required consistent use of her prescribed medications and consistent attendance at counseling to work through her emotional instability and overcome the barriers to enable her to appropriately parent the children. Although respondent-mother engaged in services in the last 90 days before the termination hearing, she was a long way from substantially addressing and resolving her problems. Additionally, the sudden urgency to comply with her treatment plan in the last 90 days before the termination hearing suggests that this was a last-minute effort, and not one truly driven by the desire to properly care for her children.

The record also indicates that respondent-mother continued to struggle with substance abuse. She tested positive for marijuana use, denied she used, and gave implausible excuses for her positive drug tests. The record does not indicate that respondent-mother ever acknowledged and seriously addressed these issues, as demonstrated by her inability to comply with the treatment plan.

The record indicates that respondent-mother was provided numerous services to enable her to rectify the conditions that brought the children into care. She sporadically engaged in services and only complied at the very end of the pendency of this case. The record reflects that she did not benefit from services despite having every opportunity to do so. We hold that clear and convincing evidence established grounds for termination under MCL 712A.19b(3)(c)(*i*).[5] Respondent-mother's argument that she rectified all of the issues that she faced lacks evidentiary support. Accordingly, the trial court did not err by finding that the barriers to reunification continued to exist and that respondent-mother failed to rectify her problems.

Because the trial court correctly decided that grounds for termination existed under MCL 712A.19b(3)(c)(*i*), we need not consider whether it correctly ruled regarding other statutory grounds under MCL 712A.19b(3). See *In re HRC*, 286 Mich App at 461.

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause

---

[5] There is no dispute that 182 days or more elapsed between the initial disposition and the termination.