*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re K. D. DANIELS, Minor.

UNPUBLISHED
October 8, 2019

No. 348129
Washtenaw Circuit Court
Family Division
LC No. 17-000109-NA

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child, KD, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist) and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

Respondent does not challenge the statutory grounds for termination or that termination was in KD's best interests. Accordingly, we may assume that the trial court did not clearly err in finding that the statutory grounds existed. *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo Minors*, 462 Mich 341, 353; 612 NW2d 407 (2000). We have reviewed the record and find no clear error regarding the statutory grounds for termination. See *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). We also find no clear error in the court's findings regarding KD's best interests. See *In re Trejo Minors*, 462 Mich at 356-357.

Respondent's sole argument on appeal is that the trial court erred when it terminated her parental rights because the Department of Health and Human Services (DHHS) did not use reasonable efforts to reunify her with KD. We disagree.

"In general, issues that are raised, addressed, and decided by the trial court are preserved for appeal." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). With respect to a challenge concerning the adequacy of reunification efforts, the respondent must raise the issue when the trial court adopts the service plan or soon thereafter. *In re Frey*, 297 Mich App 242,

-1-

247; 824 NW2d 569 (2012), citing *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000).[1] Respondent did not raise a reasonable efforts argument until this appeal. Therefore, the issue is unpreserved. We review unpreserved issues for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citation omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9.

Subject to limited exceptions that are inapplicable to the case at hand, Michigan law imposes an affirmative duty on the DHHS to "make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks*, 500 Mich 79, 85 & n 4; 893 NW2d 637 (2017). "The adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.). The trial court "is not required to terminate parental rights if the State has not provided to the family of the child . . . such services as the State deems necessary for the safe return of the child to the child's home." *Id*. at 105 (quotation marks and citation omitted). However, although the DHHS "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *Frey*, 297 Mich App at 248.

Respondent argues that reunification efforts in this case were unreasonable because she was not immediately placed in an inpatient substance abuse rehabilitation program. It is her position that anything short of an immediate order concerning drug rehabilitation was not reasonable because her addiction impaired her ability to comply with other aspects of her treatment plan. We disagree. Respondent fails to acknowledge that she was ordered into substance abuse programming at a very early juncture in the case, and she repeatedly chose not to attend substance abuse treatments. Respondent pleaded responsible to the allegations in the petition on November 28, 2017, and by January 16, 2018, the trial court adopted DHHS recommendations and ordered respondent to begin substance abuse counseling and drug screening. Between this order and the next hearing in March 2018, she failed to engage in any services. Respondent then agreed to go to inpatient drug treatment, and the court explicitly ordered her to do so. However, when respondent's caseworker offered to take her to an intake

---

[1] The Michigan Supreme Court has expressed skepticism regarding the categorical timing element of the preservation rule derived from *Terry*, noting that deficiencies in a service plan may not be readily apparent at the time the plan is adopted. *In re Hicks*, 500 Mich 79, 88-89 & n 9; 893 NW2d 637 (2017). Despite noting its concerns, however, the Court did not decide whether the timing of the objection affects preservation. Accordingly, *In re Hicks* did not displace the preservation standard articulated in *In re Frey*, 297 Mich App at 247. The distinction is not material to this case in any event, as respondent did not raise this issue before the trial court.

session directly after a parenting-time visit, she declined. Respondent continued to avoid treatment and never attended an intake session for inpatient drug treatment, nor did she attend substance abuse therapy or submit to regular drug screens. At the termination hearing, respondent acknowledged that it was her choice not to engage in her treatment plan, despite over a year of attempts by the DHHS and the trial court to provide her with a comprehensive treatment plan.

The trial court did not err when it found that the DHHS made reasonable efforts to reunify the family. The DHHS recommended substance abuse treatment early in the proceedings, the trial court explicitly ordered respondent to enroll in inpatient drug treatment almost one year before termination, and respondent agreed but failed to do so. The DHHS recommended a multitude of services and tried to assist respondent in reaching and maintaining sobriety. It follows that the DHHS's treatment plan involved reasonable efforts to reunify respondent with KD. See *In re Plump*, 294 Mich App 270, 272-273; 817 NW2d 119 (2011) (affirming trial court's finding of reasonable efforts where the respondent's continued relationship with an abusive partner was a known barrier to reunification and the petitioner failed to benefit from offered services, including counseling for victims of domestic abuse). Respondent simply failed to engage. Respondent failed to even attend an intake session at a rehabilitation center, and she missed over 100 drug screens. Respondent cannot claim that the DHHS failed to provide her with a functional treatment plan when in fact it was her complete failure to engage that led to no progress.[2] In other words, her failure to engage negates her argument on this point. See *Frey*, 297 Mich App at 248. The DHHS provided respondent with reasonable efforts to reunify her with KD, and the trial court did not err when it found that reasonable efforts had been made.

Affirmed.

/s/ James Robert Redford
/s/ Kathleen Jansen
/s/ Anica Letica

---

[2] We acknowledge that respondent participated in a substance abuse program after she was incarcerated at the end of September 2018. However, this only occurred after respondent had disregarded substance abuse treatment referrals and orders for months, and the caseworker opined that respondent would require additional treatment because the in-jail program was not sufficiently thorough. The caseworker also expressed concern that respondent would not continue treatment upon her release given her history of noncompliance. At any rate, respondent's belated participation does not diminish the adequacy of the DHHS's earlier efforts.