*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re M. A. TYE, Minor.

UNPUBLISHED
March 23, 2023

No. 361788
Wayne Circuit Court
Family Division
LC No. 2018-001948-NA

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

Respondent has four biological children, and her parental rights were terminated to three of those children in a separate case. In this case, petitioner removed the fourth child from respondent's care because respondent had substance abuse issues, her house was not suitable for the child, and she had not rectified the conditions that led to the termination of her parental rights to the other three children. The trial court terminated respondent's parental rights to the child in this case. We affirm.

The trial court confirmed during the case that the child is a member of the Makah Indian Tribe, and representatives of the tribe were present in the case. During the pendency of this case, respondent missed 15 of the 24 scheduled parenting-time visits with the child and petitioner reported that respondent appeared to be "under the influence" during one visit with the child. Petitioner also reported that one of respondent's drug screens showed that she had been using cocaine during the case, but she otherwise did not attend the majority of her drug screens and did not produce any documentation to demonstrate that she was addressing her substance-abuse issue.

During the termination hearing, respondent testified that she was not receiving therapy for her substance-abuse issues, was still in a relationship with the child's biological father who had been involved in several domestic assault incidences with respondent in front of the child, and was without a job or any income since she had been "cut off" from her disability payments. Petitioner reported that there was no indication that respondent had completed any of the parenting classes to which she was referred, and it was also reported that respondent was living in a house that was cluttered with trash, had leaks in the roof, and contained bed bugs.

A representative of the Makah Tribe recommended the termination of respondent's parental rights and supported the child being adopted by the child's great aunt who was a member

of the Makah Tribe. The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(i) and (j), and concluded that termination was in the best interests of the child.

Respondent now appeals.

A trial court must find that at least one statutory ground for termination has been established by clear and convincing evidence in order to terminate a respondent's parental rights. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding the statutory grounds are reviewed for clear error. *Id.* "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* (cleaned up).

"[P]roceedings involving the termination of parental rights to an Indian child require a dual burden of proof." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 58; 874 NW2d 205 (2015). "[I]n addition to finding that at least one state statutory ground for termination was proven by clear and convincing evidence, the trial court must also make findings in compliance with (the Indian Child Welfare Act) before terminating parental rights." *Id.* Under the Indian Child Welfare Act, 28 USC 1901 *et seq*., and the Michigan Indian Family Preservation Act, MCL 712B.1 *et seq*., a court may not terminate a parent's rights over a Native American child unless "the court finds evidence beyond a reasonable doubt, including testimony of at least one qualified expert witness, that continued custody of the child by the parent or Indian custodian will likely result in serious emotional or physical damage to the child." *Id.* at 58-59 (cleaned up).

A trial court may terminate parental rights under MCL 712A.19b(3)(i) if it finds that "[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights." Respondent's parental rights to her three other biological children were terminated because she was testing positive for cocaine use and not attending substance-abuse therapy, drug counseling, or drug screenings. Respondent also failed to attend regularly parenting-time visits, failed to obtain suitable housing for the three children, and did not otherwise participate in her parenting-treatment plan.

Similarly, in this case, respondent tested positive for cocaine use, missed several drug screenings, did not provide any documentation that she was attending any substance-abuse counseling, missed several of her parenting-time visits with the child, and did not have suitable housing for the child. Therefore, the trial court did not err when it found that MCL 712A.19b(3)(i) was an appropriate basis to terminate respondent's parental rights.

Additionally, a court may terminate parental rights under MCL 712A.19b(3)(j) if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." In this case, respondent had a history of substance abuse and unsuitable housing conditions. These issues present a reasonable likelihood that the child would be harmed if returned to respondent, and the trial court did not err in holding that MCL 712A.19b(3)(j) was also satisfied.

In cases concerning children with Native American heritage, the trial court must also comply with MCL 712B.15 which provides:

(3) A party seeking a termination of parental rights to an Indian child under state law must demonstrate to the court's satisfaction that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that the active efforts were unsuccessful.

(4) No termination of parental rights may be ordered in a proceeding described in this section without a determination, supported by evidence beyond a reasonable doubt, including testimony of at least 1 qualified expert witness as described in [MCL 712B.17], that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

In this case, petitioner offered respondent several services to treat her substance abuse, lack of parenting skills, and housing assistance. At the termination hearing, an expert testified that the continued custody of the child with respondent would result in serious emotional or physical damage to the child because of respondent's drug use, her "ongoing volatile relationship" with the child's biological father, and lack of suitable housing. The expert supported the child being adopted by her relative that was also a member of the Makah Tribe, and the trial court considered the expert's testimony. The trial court did not terminate respondent's parental rights solely because she was a victim of domestic violence, as this Court has explained is improper. *In re Plump*, 294 Mich App 270, 273; 817 NW2d 119 (2011). But the expert's testimony, and the evidence in this case, demonstrated that respondent's own behavior, by continuing to engage with the child's biological father, was exposing the child to harm. Thus, there was evidence to support that the trial court's findings were beyond a reasonable doubt and satisfied MCL 712B.15(3) and (4).

Lastly, respondent argues that the termination of her parental rights was not in the child's best interest. This Court reviews for clear error the trial court's findings and ruling that termination is in the child's best interests. *In re Payne/Pumphrey/Fortson*, 311 Mich App at 63. "A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (cleaned up).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (cleaned up). To determine whether termination of parental rights is in a child's best interests, the court should consider factors including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (cleaned up). The trial court may also consider the child's well-being while in care and the possibility of adoption. *Id*. at 714 (cleaned up).

In this case, respondent missed the majority of her parenting-time visits, lived in house that was very cluttered and had bed bugs, and failed to rectify her substance-abuse issues. Further, the child's great aunt was taking care of the child with the intention of adopting the child, and it was reported that the child was doing well with this relative placement in which the child could learn

about her heritage in the Makah Tribe. Thus, the trial court did not err when it found that the termination of respondent's parental rights was in the best interest of the child.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood