*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re MANAUSA/CALL, Minors.

UNPUBLISHED
August 24, 2023

No. 362111
Shiawassee Circuit Court
Family Division
LC No. 20-014271-NA

Before: GADOLA, P.J., and GARRETT and FEENEY, JJ.

GARRETT, J. (*concurring*).

I join the majority opinion in all but footnote 4 and write separately to note my concern with the trial court's consideration of respondent's sexual assault in its best-interest findings. As the majority opinion recounts, ample record evidence supports that it was likely in all the children's best interests to terminate respondent's parental rights. But in finding that termination of respondent's parental rights was in JDM's and ASM's best interests, the trial court relied in part on the children potentially suffering traumatic harm after witnessing respondent be sexually assaulted. As this Court has held, "[t]he fact that respondent was or is a *victim* of domestic violence may not be relied upon as a basis for terminating parental rights." *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 334; 985 NW2d 912 (2022). This reasoning logically and necessarily extends to a victim of sexual assault. While a trial court may not rely upon the fact that a respondent is a victim of sexual assault to terminate her parental rights, see *id.*, a trial court may consider how a "respondent's own behaviors were directly harming the children or exposing them to harm," *In re Plump*, 294 Mich App 270, 273; 817 NW2d 119 (2011).

This case highlights a difficult line between the impermissible consideration of a respondent's sexual assault victimization and the permissible consideration of how a respondent's behavior exposed the children to harm. The trial court properly considered evidence that JDM and ASM were present when respondent had a "party" in her hotel room with several individuals and was consuming alcohol. But I am troubled by the trial court's consideration of the fact that JDM and ASM potentially witnessed respondent being sexually assaulted at this party as support for its best-interest determination. To the extent the trial court relied upon respondent's sexual assault as a basis for concluding that termination of her parental rights was in JDM's and ASM's best interests, that was improper. See *Jackisch*, 340 Mich App at 334. I am also skeptical that the children's witnessing of the assault could permissibly be attributed to "respondent's own

behaviors" that exposed the children to harm. *Plump*, 294 Mich App at 273. Undoubtedly, JDM and ASM may have suffered traumatic harm if they witnessed their mother being sexually assaulted. But relying on this factor imputes some level of agency to respondent by suggesting that being sexually assaulted at the party, a necessarily nonconsensual event, can be attributed to her behavior. There was substantial evidence demonstrating how respondent's behaviors in this case exposed her children to harm without resorting to respondent's victimization as a best-interest consideration. In my view, the trial court should avoid this consideration on remand.

/s/ Kristina Robinson Garrett