*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. C. COLE, Minor.

UNPUBLISHED
August 27, 2020

No. 351323/351390
Shiawassee Circuit Court
Family Division
LC No. 06-011770-NA

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right the trial court's order terminating their parental rights to their minor child pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continued to exist). We affirm.

## I. FACTS

When the child in this case was born in 2017,[1] the child tested positive for controlled substances. Approximately six months later, petitioner Department of Health and Human Services (DHHS) petitioned to remove the child from respondents' care, alleging that respondents used methamphetamine and cocaine, respondent-father was abusive toward respondent-mother and the child and had threatened to kill them, respondent-father had an extensive criminal history including high-severity felony convictions, respondent-mother had refused to participate in substance abuse treatment, and respondents lacked adequate housing. At the time of the removal hearing, respondent-mother's whereabouts were unknown. The trial court authorized the petition and ordered removal of the child.

---

[1] Respondent-mother's first child was removed from her care in 2006. While being offered family reunification services, she gave birth to her second child in 2007. Her parental rights to these children were terminated in 2008 after she failed to participate in services and rectify the conditions that led to the children's removal.

An adjudication hearing was held during which respondents pleaded no contest to the allegations of the petition. Before the hearing, respondent-mother was served with a Summons and Order to Appear, advising her of her rights. During the hearing, before accepting respondent-mother's plea, the trial court informed her of the rights she was waiving by pleading no contest. The trial court, however, did not advise her that the plea could be used adversely at a subsequent termination hearing as provided in MCR 3.971(B)(4). Respondent-mother did not object to the no-contest plea, nor to the trial court's acceptance of the plea.

After accepting their pleas, the trial court ordered respondents to comply with and benefit from their parent agency treatment plans, which required respondents to achieve and maintain mental health and sobriety, refrain from domestic violence, and acquire stable housing and appropriate parenting skills. Respondents were to complete substance abuse assessments and follow all recommendations, and attend counseling, parenting classes, drugs screening, and parenting time. Respondent-father was also to attend anger management classes.

For the next two years, petitioner offered respondents numerous services aimed at fulfilling the parent agency treatment plans and reuniting the child with respondents, including substance abuse assessment and treatment, drug screening, parenting classes, counseling, anger management, and parenting time. After more than two years of offered services, respondents' parental rights were terminated because they had minimally complied with services and had failed to rectify the conditions that led to adjudication.

## II. DISCUSSION

## A. JURISDICTION

On appeal, respondent-mother[2] challenges the trial court's jurisdiction to terminate her parental rights, alleging that there were defects in the plea-taking proceedings. Specifically, she contends that the order of adjudication and the order terminating her parental rights should be vacated because the trial court violated her due-process rights by failing to advise her that her plea could be used as evidence in a proceeding to terminate her parental rights. We disagree.

We note initially that this issue is unpreserved. Respondent-mother did not object to the advice of rights nor did she move to withdraw her plea before the trial court, thereby failing to preserve this issue for appellate review. See *In re Pederson,* ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 349881); slip op at 7. Although generally we review de novo whether a child protective proceeding complied with a parent's right to due process, *In re Sanders,* 495 Mich 394, 403-404; 852 NW2d 524 (2014), we review an unpreserved assertion of error in the

---

[2] We decline to address this issue with respect to respondent-father, who raises this argument for the first time in his reply brief on appeal and therefore has not properly presented it to this Court. See *Bronson Methodist Hosp v Mich Assigned Claims Facilit*y, 298 Mich App 192, 199; 826 NW2d 197 (2012).

adjudication for plain error. *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019) (an adjudication error raised after the termination of parental rights is reviewed for plain error).

To demonstrate plain error, respondent-mother must establish that (1) error occurred, (2) the error was plain, meaning clear or obvious, (3) the plain error affected her substantial rights, and (4) reversal is warranted because the plain error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id.*; *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "An error has affected a party's substantial rights when there is a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Pederson,* ___ Mich App at ___; slip op at 7 (quotation marks and citations omitted). The interpretation and application of statutes and court rules are reviewed de novo. *Sanders*, 495 Mich at 404.

In Michigan, child protective proceedings are comprised of two parts, being the jurisdictional or adjudicative phase of the proceedings and the dispositional phase of the proceedings. *Id*. During the adjudicative phase, the trial court determines whether it can exercise jurisdiction over the child; if the trial court assumes jurisdiction over the child, it then determines during the dispositional phase what course of action is required to ensure the safety and well-being of the child. *Id*.

To initiate a child protective proceeding, the DHHS must file a petition in the family division of the circuit court alleging facts constituting an offense by the parent against the child under MCL 712A.2(b). *Id*. at 405. The parent may respond to the petition either by admitting the allegations of the petition, pleading no contest to the allegations, or by requesting a trial (an adjudication) to contest the allegations. The trial court may exercise jurisdiction over the child and the parent under MCL 712A.2(b) if the petitioner proves the allegations of the petition by a preponderance of the evidence, MCR 3.972(C)(1), or if the parent enters a plea of admission or no contest to the petition allegations. MCR 3.971.

When a respondent in a child protective proceeding enters a plea at the adjudicative phase, he or she waives the right to require the petitioner to prove at trial the grounds for the trial court's jurisdiction over the child and the parent. *Pederson*, ___ Mich App at ___; slip op at 8. Due process mandates that to waive such fundamental rights, the plea must be knowingly, understandingly, and voluntarily given. MCR 3.971(D)(1); *In re Wangler*, 498 Mich 911 (2015). These constitutional safeguards are reflected in MCR 3.971. *Ferranti,* 504 Mich at 21. MCR 3.971(B) provides:

> (B) **Advice of Rights and Possible Disposition**. Before accepting a plea of admission or of no contest, the court must advise the respondent on the record or in a writing that is made part of the file:
>
>> (1) of the allegations in the petition;
>>
>> (2) of the right to an attorney, if respondent is without an attorney;
>>
>> (3) that, if the court accepts the plea, the respondent will give up the rights to:
>>
>>> (a) trial by a judge or trial by a jury,

(b) have the petitioner prove the allegations in the petition by a preponderance of the evidence,

(c) have witnesses against the respondent appear and testify under oath at the trial,

(d) cross-examine witnesses, and

(e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor;

(4) of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.

In this case, respondent-mother contends that her plea of no contest was not knowingly, understandingly, and voluntarily given because the trial court failed to advise her that her plea could be used as evidence to terminate her parental rights as required by MCR 3.971(B)(4). Relying upon our Supreme Court's decision in *Ferranti*, she argues that the trial court's omission in this case tainted the adjudicative order and subsequent termination proceedings, necessitating that the adjudication and termination orders be vacated. In *Ferranti*, the trial court did not advise the respondent parents before they entered their pleas that they had a right to a jury trial on the petition allegations, that the petitioner would have to prove the allegations by a preponderance of the evidence, that the respondents would be permitted to call their own witnesses and cross-examine those produced by the petitioner, and that their pleas could later be used as evidence to terminate their parental rights. Our Supreme Court concluded that the pleas were not knowingly, understandingly, and voluntarily given because of the trial court's failure to comply with MCR 3.971(B). Respondent-mother in this case argues that this Court is constrained by *Ferranti* to conclude that the failure to advise her that her plea could subsequently be used as evidence to support termination of her parental rights requires reversal.

In *Pederson*, however, this Court clarified that when there is not a complete failure of the trial court to advise the respondent parent of his or her rights, and the parent raises on appeal an unpreserved challenge to the voluntariness of a plea made at the adjudication phase of the proceedings, the parent has the burden to establish that the trial court's failure to fully advise the parent was outcome determinative. In other words, the parent is required to demonstrate that he or she was prejudiced by the trial court's failure to fully advise him or her of the consequences of the plea. *Pederson*, ___ Mich App at ___; slip op at 8. In *Pederson*, the respondent parents entered pleas admitting certain allegations of a petition alleging that they had neglected their children. Before accepting their pleas, the trial court advised the respondents of their rights to trial that they were waiving, but failed to advise them that their pleas could be used against them during subsequent termination proceedings. The respondents did not move to withdraw their pleas nor did they otherwise object to the trial court's advice of rights, and as a result the challenge on appeal to the advice of rights was unpreserved. *Pederson*, ___ Mich App at ___; slip op at 7.

This Court in *Pederson* observed that the standard of review for the respondents' unpreserved challenge was that of "plain error," which required the respondents to demonstrate a

-4-

plain error that affected their substantial rights, meaning that it affected the outcome of the lower court proceedings. *Id*. This Court concluded that the respondents in that case had not demonstrated that the trial court's failure to advise them that their pleas later could be used as evidence in a proceeding to terminate their parental rights affected the lower court proceedings. This Court distinguished the facts of that case from those of *Ferranti*, reasoning in part:

> This case does not feature the numerous errors that occurred in *In re Ferranti*. Respondents in this case only take issue with the fact that the trial court failed to advise them that their pleas could "later be used as evidence in a proceeding to terminate parental rights" as required by MCR 3.971(B)(4). Thus, unlike the parents in *In re Ferran*ti, respondents in this case were informed of most of the rights that they were waiving, including their right to a trial by judge or jury, to have witnesses against them appear, and to subpoena witnesses. [*Pederson*, ___ Mich App at ___; slip op at 9.]

In this case as in *Pederson*, there was not a complete failure by the trial court to advise respondent-mother of her rights under MCR 3.971(B). Respondent-mother was advised of the rights that she was waiving by pleading no contest, but was not advised that the no contest plea could be used later to terminate her parental rights. As in *Pederson*, respondent-mother in this case has not demonstrated that the trial court's failure to advise her that her plea could be used as evidence in a later proceeding to terminate her parental rights was outcome-determinative. *Pederson*, ___ Mich App at ___; slip op at 10. There is no indication that the trial court in this case relied upon respondent-mother's no contest plea in ultimately determining that there were statutory grounds to terminate her parental rights.[3] Rather, respondent-mother's testimony regarding her history of substance abuse, homelessness, domestic violence, and mental health concerns provided sufficient basis from which the trial court could conclude that the conditions that led to adjudication continued to exist and would not be rectified within a reasonable time. Therefore, respondent-mother has not established that the trial court's adjudicatory error was outcome determinative. See *id*. at ___; slip op at 12-13.

Moreover, there is no evidence in this case that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id*. at ___; slip op at 10 (error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings when respondents did not assert that they would not have pleaded to some of the allegations in the petition if they had been advised that it could be used against them). Accordingly, respondent-mother has not demonstrated a plain error that affected her substantial rights.

---

[3] Our Supreme Court has observed that unlike a plea of admission, a no contest plea is not a substantive admission of any fact, but rather communicates that the respondent does not wish to contest the allegations. See *Lichon v American Universal Ins Co*, 435 Mich 408, 417-418; 459 NW2d 288 (1990). However, our Supreme Court has also observed in a criminal context that a no contest plea is essentially an admission of all elements of a charged offense. See *People v Cole*, 491 Mich 325, 332-333 n 6; 817 NW2d 497 (2012).

B.  STATUTORY BASIS FOR TERMINATION

Respondent-father contends that the trial court erred in finding that there was sufficient evidence to support its finding of a statutory basis for terminating his parental rights.  We disagree.

To terminate parental rights, the trial court must find that at least one statutory basis for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence.  *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018).  We review the trial court's factual findings, as well as its determination that a statutory basis for termination has been proven by clear and convincing evidence, for clear error.  MCR 3.977(K); *In re Pops*, 315 Mich App 590, 593; 890 NW2d 902 (2016).  A factual finding is not clearly erroneous unless we are left with a definite and firm conviction that a mistake has been made.  *Id*.  We will not conclude that a trial court's finding is clearly erroneous unless it is more than possibly or probably incorrect.  *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

The trial court need only find that one statutory basis has been proven to support termination of parental rights.  See *Id*. at 32.  In this case, the trial court terminated respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*), which provides:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

*  *  *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Termination of parental rights under subsection (c)(*i*) is proper when "the totality of the evidence amply supports" that the parent has not accomplished "any meaningful change in the conditions" that led the trial court to assume jurisdiction of the child, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), and when there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.  MCL 712A.19b(3)(c)(*i*).

We conclude that in this case the trial court did not clearly err by determining that there was clear and convincing evidence to support termination of respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*).  Here, the child was removed from respondents' care because of respondents' substance abuse, mental instability, domestic violence, and unstable housing.  The record indicates that for more than two years after the child's removal, respondent-father failed to comply with and benefit from the services offered to him.  Respondent-father failed to participate in substance abuse treatment, tested positive for amphetamine and methamphetamine, failed to contact the caseworkers, failed to participate in counseling, and failed to benefit from the anger

management program in which he participated, continuing to be the subject of numerous police reports of domestic violence and drug activity. Respondent-father also regularly missed visits with the child. Respondents failed to obtain stable housing. Respondents were homeless at the time of petitioner's initial involvement and in late 2017 respondent-father was living in his car. Although caseworkers provided housing assistance, respondents were evicted from housing due to respondent-father's erratic behavior and again for nonpayment of rent. The record therefore supports the trial court's determination that respondent-father failed to rectify the conditions that led to adjudication, and that there was a reasonable likelihood that respondent-father would not rectify the conditions that led to the child's removal within a reasonable time considering the child's age.

We also reject respondent-father's contention that the trial court failed to identify the statutory grounds under which it was terminating his parental rights. Although the trial court did not recite the specific statutory provision, it incorporated the language of MCL 712A.19b(3)(c)(*i*) when stating its finding on the record such that the statutory basis for terminating respondent-father's parental rights was clear from the context.

Respondent-father also contends that petitioner failed to make reasonable reunification efforts. Typically, we review for clear error a trial court's findings regarding the reasonableness of the DHHS's efforts to reunify a family. However, in this case respondent-father raises this issue for the first time on appeal. To preserve a claim that DHHS failed to make reasonable efforts to reunify the parent and child, a respondent must raise the issue before the trial court that services were somehow inadequate. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Our review of an unpreserved issue is for plain error affecting substantial rights. *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018).

Generally, when a child is removed from a parent's custody, the petitioner is required to make reasonable efforts to reunify the family by adopting a case service plan outlining the steps that the DHHS and the parent will take to rectify the issues and reunite the parent and child. *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). Here, the record does not support respondent-father's contention that petitioner failed to make reasonable efforts in this case. Respondent-father was offered extensive services consistent with the parent agency agreement and directed toward reuniting respondent-father with the child, including substance abuse assessment and treatment, counseling, drug screening, anger management counseling, visitation with the child, and assistance with housing. Despite petitioner's efforts, he continued to use illegal drugs, did not regulate his violent behavior, did not maintain housing, failed to visit regularly with the child, and engaged in criminality that resulted in his incarceration. In light of the record, it cannot be said that petitioner failed to make reasonable efforts to reunify respondent-father with the child.

## C. BEST INTERESTS

Respondent-father also contends that the trial court clearly erred by finding that a preponderance of the evidence demonstrated that termination of his parental rights was in the best interests of the child. Again, we disagree.

Once a statutory ground for termination has been demonstrated, the trial court must terminate the parent's parental rights if it finds that a preponderance of the evidence establishes

that termination is in the best interests of the child. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016). We review the trial court's determination regarding the child's best interests for clear error. *Id*. at 226.

When determining whether termination of parental rights is in the child's best interests, the trial court should weigh all the available evidence and consider a variety of factors, including the child's bond with the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of a foster home over the parent's home, the parent's compliance with the case service plan, the parent's visitation history with the child, the child's well-being in the foster home, and possibility of adoption. *In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014). In making the determination, the trial court should focus on the child and not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013).

We conclude that the trial court in this case did not clearly err in finding that a preponderance of the evidence demonstrated that termination was in the child's best interests. The child was approximately six months old when she entered foster care. For two years following her removal from respondents' care, respondent-father failed to engage in most services offered. When not incarcerated, he failed to participate in substance abuse treatment, failed to provide drug screens, consistently lacked housing, and consistently missed parenting time with the child. After more than two years of services, he admitted that he was not yet able to care for the child. The record established that the child is doing well in the foster home where she has lived for more than two years, and the foster parents are willing to provide the child with permanency through adoption. Reviewing the whole record, we are not left with a definite and firm conviction that a mistake was made in terminating respondents' parental rights.

We also reject respondent-father's contention that the trial court did not adequately state on the record its findings regarding its best interests determination. MCL 712A.19b(1) requires the trial court to state its findings and conclusions regarding the best interests evidence on the record or in writing. *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). The trial court's findings need not be extensive, however, and "brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1). In this case, the trial court considered respondent-father's lack of bond with the child, noting that respondent-father had had such little contact with the child that she was unlikely even to recognize him. The trial court also stated that its main focus was the child, and specifically addressed the child's need for permanence to ensure her mental well-being. We conclude that the trial court's findings, amply supported in the record, were brief, definite, and pertinent findings and conclusions that sufficiently conveyed the trial court's determination.

Affirmed.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens